UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:                                    Chapter 11
                                          Case No. 22-22359 (SHL)
MARK STEVEN ACKER,

                    Debtor.
------------------------------------------------------------------X

## DECLARATION OF DAVID K. MARKARIAN IN SUPPORT OF MOTION OF KAREN AND DAVID ACKER FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)

STATE OF FLORIDA
COUNTY OF PALM BEACH

BEFORE ME, the undersigned authority on this day personally appeared David K. Markarian, who, upon being by me duly sworn upon his oath and according to the law, deposes and says as follows:

1. I, David K. Markarian, am an attorney admitted to practice in the State of Florida. I have personal knowledge of the facts stated herein.

2. I am employed by The Markarian Group formerly known as Markarian & Hayes.

3. I am over the age of eighteen, and otherwise *sui juris*.

4. I represented Karen Acker and David Acker, individually, as beneficiaries and as Co-Personal Representatives in the probate matter In Re: The Estate of Stanley Acker, Case No. 502008CP001929XXXXSB, in the 15th Judicial Circuit, in and for Palm Beach County, Florida.

5. I currently provide representation to Karen Acker and David Acker as Co-Trustees of the Stanley Acker Revocable Trust, and previously provided representation on their behalf In Re: Matter of the Irrevocable Life Insurance Trust, Stanley Acker, Grantor dated October 1, 1987, Case No. 502014CP004382XXXXSB, in the 15th Judicial Circuit, in and for Palm Beach County, Florida.

6. On January 27, 2022, the Fourth District Court of Appeal entered an Order in which it *per curium* affirmed the February 20, 2020 Final Judgment entered in the Estate of Stanley Acker, Case No. 502008CP001929XXXXSB, in favor of Karen Acker ("KA") and David Acker ("DA") and against Mark Acker ("Final Judgment").

7. The Final Judgment found that Mark Acker ("MA"), breached a 2010 settlement agreement ("the 2010 SA") designed to resolve the extensive and expensive litigation concerning the administration of the Estate, and that MA's actions constituted a breach of his fiduciary duties as a co-personal representative of the Estate.

8. The Appellate Court also granted KA and DA's Motion for Appellate Attorneys' Fees and remanded the matter to the trial court only for determination of the amount of attorneys' fees to be awarded in connection with the appellate case.

9. In light of the Per Curium Affirmance of this Court's Final Judgment, a number of matters remain outstanding. These include:

- Determination of the pro rata reimbursements contemplated under paragraph five (5) of the 2010 Settlement Agreement dated November 16, 2010, which are entitled to preference. An evidentiary hearing must be held at which the Court will determine proper amounts to be set-off or charged-off against such reimbursements.

- Determination of The Markarian Group reasonable attorney's fees and costs in connection with the administration of the Estate of Stanley Acker and the Stanley Acker Revocable Living Trust (collectively, the "Estate"), and the lien filed there upon.

- Determination of Solomon Appeals, Mediation & Arbitration reasonable attorney's fees and costs in connection with the administration of the Estate.

- Determination of the amount of fees to be awarded to The Markarian Group and Saveedra Goodwin who are entitled to prevailing party reasonable attorney's fees and costs stemming from the trial on March 4, 5, and 6, 2019 and November 4, 5, and 6, 2019.

- Determination of fees to be awarded to The Markarian Group relating to reasonable attorney's fees and costs stemming from successful defense of the appeal of the February 20, 2020 Final Judgment, pursuant to a January 27, 2022 Order by the Fourth District Court of Appeal.

- Determination of the application of a formula pertaining to distributions from the Estate as reflected in paragraph three (3) the 2010 Settlement Agreement dated November 16, 2010.

- Any and all remaining administrative matters necessary to close the Estate and ensure all final distributions.

**FURTHER AFFIANT SAYETH NAUGHT**

_____
David K. Markarian

STATE OF FLORIDA
COUNTY OF PALM BEACH

Sworn to (or affirmed) and subscribed before me by means of ☑ physical presence or ☐ online notarization, this 14th day of September, 2022, by DAVID K. MARKARIAN, who ☑ is personally known to me or who ☐ has produced _____ as identification.

[PLACE NOTARIAL SEAL]

Notary Signature: _Tina Contino_
Notary Public, State of Florida



TINA CONTINO
Commission # HH 208318
Expires January 23, 2026