KIRBY AISNER & CURLEY LLP
Attorneys for the Debtor
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500
Julie Cvek Curley, Esq.
Email: jcurley@kacllp.com

*Hearing Date: October 12, 2022*
*Hearing Time: 10:00 a.m.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

MARK STEVEN ACKER,

                      Debtor.
----------------------------------------------------------------X

Chapter 11
Case No. 22-22359 (SHL)

## LIMITED OBJECTION OF THE DEBTOR TO THE MOTION OF KAREN AND DAVID ACKER FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)

**TO:**     **HONORABLE SEAN H. LANE**
         **UNITED STATES BANKRUPTCY JUDGE,**

Mark Steven Acker, the above-captioned debtor and debtor-in-possession ("**Debtor**"), by his attorneys, Kirby Aisner & Curley LLP, submits this limited objection (the "**Limited Objection**") to the motion of Karen Acker and David Acker ("**Movants**", and together with the Debtor, the "**Parties**") for entry of an order granting relief from the automatic stay pursuant to §§ 105(a), 305, 349, and 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**") to enable the Parties to finalize all matters relating to their decedent father's trusts and estates pending in the Subject State Court Actions (the "**Motion**").[1] In support of this Limited Objection, the Debtor respectfully represents as follows:

1.      The Debtor does not generally object to the Motion. The Subject State Court Actions address claims between the Parties, as well as valuation and liquidation of the Estate and

---

[1] Capitalized terms used herein not otherwise defined shall have the meaning ascribed to them in the Motion.

Trust, which are assets of the Debtor's estate. The resolution of these issues is necessary for the Debtor to propose a chapter 11 plan of reorganization. The Florida Court before which the Subject State Court Actions are pending has the familiarity with the Parties involved, the issues, and the applicable state laws. Thus, the Debtor doesn't dispute that the Florida Court is the appropriate venue to administer the Subject State Court Actions.

2. The Debtor's objection to the relief requested in the Motion relates solely to the timing of proceeding with the Subject State Court Actions. As discussed below, should the Subject State Court Actions proceed without the Debtor having retained counsel and being in a position to adequately represent himself, his rights would be unduly compromised, and his chapter 11 estate would face irreparable harm. Over the past fourteen (14) years of the course of the Subject State Court Actions, there were periods of time during which the Debtor was unrepresented and appeared *pro se*. During those times, the Movants, who were represented by multiple firms, were able to "out lawyer" him and obtain judgments and findings that were adverse to the Debtor. Further, the statute of limitations passed on certain claims that could have been raised by the Debtor. The Debtor understands that he cannot turn back the clock to remedy these issues; however, he is asking this Court to "pause" the clock so that he can obtain counsel and not be adversely prejudiced again.

## **BACKGROUND**

3. The Parties are siblings and co-personal representatives of the Estate of Stanley Acker, their father (the "**Estate**"), who died in 2008. The Parties are also equal remaining co-beneficiaries of the Estate and the Amended and Restated Revocable Intervivos Acker Settlor Trust Agreement (the "**Trust**").

4. Unfortunately, the Parties have been involved in nearly continuous litigation since the death of their father, with the Movants on one side, and the Debtor on the other. The quarrels between the Parties have been fueled in large part by disputes over legal fees. The Estate has paid millions of dollars in fees to Movants' attorneys, but barely a fraction of that to the Debtor's attorneys. In fact, the $960,000 judgment obtained by Movants against the Debtor is for legal fees paid by the estate to Movants' attorneys. The Estate has paid only a fraction of the legal fees owed to the Debtor's attorneys. This has resulted in the Debtor having multiple counsel and for some periods, having to represent himself *pro se.* The issue of the Debtor being able to retain counsel to represent him in the Subject State Court Actions is not only important and sensitive to the Debtor, but critical to the Debtor preserving his rights in those proceedings and preventing him from further adverse decisions that could be prevented or mitigated by being represented by counsel.

5. In November 2010, the Debtor and Movants entered into a settlement agreement (the "**2010 Settlement Agreement**"), which was intended to resolve all disputes between the Parties.

6. Pursuant to the 2010 Settlement Agreement, the Parties agreed, *inter alia,* that the Debtor would have two (2) votes and Karen and David would each have one (1) vote with respect to their decisions as co-personal representatives of the Estate and co-trustees of the Trust, with a neutral, impartial and independent fiduciary to be appointed and would hold a single, tie-breaking vote. Also per the 2010 Settlement Agreement, the Estate and/or Trust would reimburse the Parties for 100% of the legal fees that they had paid personally up to that point in connection with the Estate and Trust.

7. On or about November 30, 2010 Kirk Friedland ("**Friedland**") advised that he had been appointed to serve as the neutral co-personal representative of the Estate and co-trustee of the

Trust pursuant to the 2010 Settlement Agreement. Thereafter, a pattern set in from 2011 through 2017 whereby Movants and Friedland consistently used their combined three (3) votes (overriding the Debtor's two (2) votes) to pay the fees and costs of Movants' attorney and to reject virtually all payment to the Debtor's attorneys. After the single payment of about $12,000 on July 8, 2011, Friedland never approved another fee to any of the Debtor's attorneys until more than five (5) years later, and at that time, it was less than $85,000, a fraction of what was owed to Debtor's attorney, and an even smaller fraction of Movants' legal fees and costs.

8. On November 25, 2013, an order was entered in the Florida Court approving the fees and costs of the Debtor's attorney in the amount of $228,686.65. Movants and Friedland, voting together, refused to pay any of the fees awarded to Debtor's counsel and Movants appealed the order awarding the fees. In response, on May 13, 2014, the Debtor filed a *pro se* motion to the Florida Court advising the Court that Friedland would not authorize the payment and that he needed to have counsel to address appeal. The U.S. District Court in deciding the appeal found that the November 25, 2013 order contained an "internal inconsistency" and reversed and remanded the issue for the trial court to enter a new order without the "internal inconsistency". Thereafter, on June 24, 2016, the Florida Court entered an amended Order which modified the amount of fees and costs to Debtor's counsel. Following that decision, Movants entered into a settlement (without the knowledge or consent of the Debtor) with the Debtor's counsel to pay the certain fees in exchange for a release of the Estate, but specifically reserving all rights as against the Debtor.

9. On April 1, 2018, Friedland submitted his resignation as co-personal representative of the Estate and co-trustee of the Trust. During his tenure, Friedland approved hundreds of thousands of dollars in fees to Movants' attorneys, and reciprocally, Movants and Friedland voted

together to approve hundreds of thousands of dollars in fees to Friedland. All the while, the Debtor's attorney fees accrued unpaid in excess of hundreds of thousands of dollars.

10. On February 20, 2020, the Florida Court entered a Judgment in the amount of $960,000 against the Debtor holding him responsible for a portion of Movants' attorney's fees.

11. Subsequently, the parties continued in litigation with each other in the Subject State Court Actions. Most recently, the Florida Courts recognized that each of the Parties were entitled to reimbursement of legal fees, and pursuant to an order entered on June 24, 2022, the Florida Court ordered that evidentiary hearings be scheduled to determine the reasonableness of the fees and costs requested, and which amounts are charged-off or set-off from reimbursements to each of the Parties, as applicable.

12. Those hearings were stayed by virtue of the filing of this Chapter 11 Case and would presumably be the first matters scheduled once relief from the automatic stay is granted.

## **OBJECTION**

13. Given the history between the Parties, the Debtor needs to take the appropriate actions including, *inter alia,* reviewing Movants' attorneys' fees and costs and prosecuting objections thereto, as well as to protecting his rights to a reimbursement for the legal fees and costs he paid out of pocket. Both of these claims are significant, each potentially valued at hundreds of thousands of dollars, and the Debtor submits that he requires legal representation to file objections to Movants' legal fees, as well as prosecute and ensure his reimbursement of legal fees and costs he has paid on behalf of the Estate and Trust.

14. By this Limited Objection, the Debtor submit that relief of the automatic stay to permit the Subject State Court Actions is appropriate, but such relief should not be granted until he has obtained counsel to appear on this behalf.

15. When the Debtor filed his Chapter 11 Case, it was his intention to move expeditiously to file a motion to sell the house located at 47 Tranquility Road, Suffern, New York 10901 (the "**Property**"), which he owns jointly with his wife. In connection therewith, the Debtor intends to commence an adversary proceeding pursuant to §544, 547, 548 and 550 of the Bankruptcy Code to avoid the Judgment obtain by Movants, which was placed as a lien on the Property in the ninety (90) days before the Petition Date. With the lien removed and the Property being sold, the Debtor would have monies available to retain an attorney so that he is no longer prejudiced by appeared *pro se* in the Subject State Court Actions.

16. The Debtor has not yet proceeded with these filings yet, for good reason.

17. Over the past month, the Parties have engaged in settlement discussions. While the Parties continue to engage in these discussions, which have been progressing, the Parties have agreed to "put down the pens" (except for this Motion) and focus their time and energies on reaching a settlement. With respect to this Motion, Movants represented that the Motion had already been drafted and advised would be filed as late as possible before the hearing date, while still being timely. Movants have extended all other deadlines, including the time for the Debtor to file an answer to the complaint filed by Movants, as well as to provide a response to various discovery requests. Counsel to the Parties have been communicating nearly daily working towards a settlement.

18. Since the discussions commenced, the Debtor has not filed any of the motions or proceedings already drafted and prepared for filing, including a complaint avoiding the Judgment, and a sale motion. Further, even though no objections have been filed to the Debtor's retention of a real estate broker, the Debtor has not yet submitted the proposed Order to this Court and is continuing his focus on settlement negotiations.

19. Accordingly, the Debtor respectfully submits that relief from the automatic stay with respect to the Subject State Court Actions be granted until such time that either the Parties determine that no settlement can be reached, and then when the Debtor can retain counsel and be adequately represented in those actions.

## RESERVATION OF RIGHTS

20. The Debtor reserves the right to (a) amend, supplement, or otherwise modify this Objection; and (ii) appear and be heard at any hearing with respect to the Motion.

21. Nothing in this Objection shall be construed as a waiver or release of any claims or rights that the Debtor may have against the Movants or with respect to the Subject State Court Actions, all of which are expressly reserved.

## CONCLUSION

**WHEREFORE,** the Debtor respectfully requests that the Court adjourn the Motion, or alternatively refrain from entering an Order modifying the automatic stay until such point where the Debtor has obtained this Court's approval of counsel to represent him in the Subject State Court Actions, together with such other and further relief as is just and proper.

Dated: Scarsdale, New York
      October 9, 2022

    KIRBY AISNER & CURLEY LLP
    *Attorneys for the Debtor*
    700 Post Road, Suite 237
    Scarsdale, New York 10583
    (914) 401-9500

    By: */s/ Julie Cvek Curley*
        Julie Cvek Curley