```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:                                              Chapter 11
                                                    Case No. 22-22359 (SHL)
MARK STEVEN ACKER,

                    Debtor.
------------------------------------------------------------------X
```

# ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)

UPON the motion dated September 27, 2022 (the "**Motion**")[1] of Karen & David Acker ("**Movants**"), creditors and parties in interest of Mark Steven Acker, the above captioned debtor and debtor-in-possession (the "**Debtor**") for entry of an order granting relief from the automatic stay to permit the continuation of and enable the Movants and the Debtor to finalize all matters relating to the Subject State Court Actions pursuant to section §362(d)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"); and it appearing that due and sufficient notice of the Motion and the hearing thereon was provided; and the Debtor having filed a limited objection to the relief requested in the Motion (the "**Limited Objection**"); and upon the record of the October 12, 2022 hearing on the Motion; and, after upon due deliberation thereon, the Court having found and determined that sufficient cause exists for the granting of the Motion to the extent provided herein, it is hereby

ORDERED, that the Motion is granted as provided herein; and it is further

ORDERED, that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is hereby modified under section 362(d)(1), effective thirty (30) days after entry of this Order (the "**Effective Date**") to permit the continuation of the Subject State Court Actions, including but not limited to all matters set forth in the Motion and the Declarations of Randolph

---

[1] All Capitalized terms not otherwise defined herein shall have the meanings as set forth in the Motion.

M. Brombacher and David K. Markarian respectively annexed to the Motion and that the Subject State Court Actions be restored as active proceedings, to the extent provided below; and it is further

ORDERED, that the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County Florida Probate Division, and any other applicable state court of jurisdiction relating to the Estate, the 1987 Trust and the Marital Trust is hereby authorized to continue to hear the Subject State Court Actions notwithstanding the Debtor's Chapter 11 case, subject to the following decretal paragraphs; and it is further

ORDERED, upon this Order becoming final and non-appealable, Movants' counsel is authorized to immediately notify the state court(s) in the State Court Actions of the modification of the automatic stay for the purpose of restoring pending motions or other matters to the calendar and/or scheduling further motions or matters, provided no such scheduled motions or other matters would require response or appearance by the Debtor prior to sixty (60) days from the entry of this Order; and it is further

ORDERED, that the Subject State Court Actions may proceed through entry of final determination and judgment, including all appeals thereon; however, no final determination or judgment may be executed on or collected or enforced upon any of the Debtor's assets absent further order of this Court; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: White Plains, New York
October 18, 2022

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE