| | |
|---|---|
| SOLOMON APPEALS, MEDIATION & ARBITRATION<br>*Attorneys for Creditor, Solomon Appeals, Mediation & Arbitration*<br>901 So. Federal Hwy, Ste. 300<br>Ft. Lauderdale, FL. 33316<br>(561) 762-9932<br>Donna Greenspan Solomon, Esq.<br>Donna@SolomonAppeals.com | Hearing Date: March 7, 2023<br>Hearing Time: 10:00 a.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                                                                     Chapter 11

MARK STEVEN ACKER,                           Case No. 22-22359-SHL

                          Debtor.
-----------------------------------------------------------X

## SOLOMON'S OBJECTION TO DEBTOR'S MOTION TO DISMISS BANKRUPTCY <u>PROCEEDINGS</u>

**TO: THE HONORABLE SEAN H. LANE,
      UNITED STATES BANKRUPTCY JUDGE:**

      Creditor, Solomon Appeals, Mediation & Arbitration, through its attorney, Donna Greenspan Solomon, of the law firm Solomon Appeals, Mediation & Arbitration (collectively, "Solomon"), hereby objects to Debtor's Motion for Entry of an Order Dismissing this Chapter 11 Case ("Motion to Dismiss") (ECF Doc. 58) and states as follows:

      Paragraph 20 of the Motion to Dismiss states in material part:

      20. Regarding the claim filed by Solomon Appeals, Mediation & Arbitration

(the "Solomon Claim"), it is not supported by any substantiating documents, and any claims for legal fees need to be addressed in the Florida State Court Actions. The charging liens attached to the Solomon Claim were satisfied by the Debtor from the proceeds of the sale of 3 Orchard Street [sic] . . .

Paragraph 23 of the Motion to Dismiss states that Solomon's Claim of $200,336.18 is disputed in its entirety.

The above statements are wholly false, as well known to both Debtor and his counsel. As an initial matter, Debtor has never disputed Solomon's Claim other than burying the mention of a never-made dispute in Debtor's Motion to Dismiss. Solomon's Claim is thus deemed allowed under Section 502(a) of the Bankruptcy Code.

Further, Solomon represented Debtor in three related cases in Florida probate court: Case No. 502008CP001929XXXXSB (the "Estate of Stanley Acker and the Stanley Acker Revocable Living Trust," collectively, the "Estate"); Case No. 50 2014 CP 04382 (the "1987 Trust"); and (settled) Case No. 502015CP002757 (the "Stanley Acker Family Limited Partnership" or "SAFLP"). Except for one brief period from July 2018 until November 2018, Solomon represented Debtor continuously from August 2016 until June 2022.

In July 2018, Solomon withdrew from representing Debtor, and on October 22, 2018, the Florida Court entered an Order finding that Solomon Appeals, Mediation & Arbitration ("Solomon") had a valid charging lien against Debtor in the three related cases in the amount of $257,893.91 plus interest.

However, in November 2018, Solomon again began representing Debtor, and did so continuously until June 15, 2022, when Debtor filed a petition for bankruptcy, with the Florida Court granting Solomon's motion to withdraw on January 25, 2023.

Between October 2018 -- when Debtor owed Solomon the amount of $257,893.91 -- and the June 2022 bankruptcy petition, Solomon performed extensive legal services for Debtor in the three related cases. Debtor paid Solomon for a portion of those services, including from the proceeds of the sale of 3 Orchard Lane in 2020. However, Debtor's payments were never sufficient to cover either the pre-existing debt from 2018 or the additional fees between 2018 and 2022.

In his Motion, Debtor claims that the proceeds paid in 2020 fully satisfied the 2018 charging lien. Even if that were true – which it is not – then that would account only for services through October 2018. That would account not at all for the fees for services provided from November 2018 through June 2022. In other words, *Debtor and his Counsel are taking the position that Creditor worked for free from November 2018 through June 2022*. It is an untrue, unsupported, and absurd proposition.

Further, Debtor objected to Solomon's post-petition motion to withdraw in the Florida probate proceedings. In other words, Debtor -- despite maintaining that he owes nothing toward his outstanding fees of $200,336.18 – still wanted

3

Solomon to provide (apparently for free) additional, post-petition legal services in the Florida probate matters. Solomon declined, and the Florida court ultimately granted Solomon's motion to withdraw.

In sum, Debtor's schedule of liabilities at paragraph 23 of the Motion to Dismiss should be increased by no less than the $200,336.18[1] of Solomon's Claim to an amount of at least $1,278,843.79.

Further, Debtor's claimed assets of $1,860,926.38 include the Debtor's share as a 1/3 beneficiary of the Marital Trust (for the lifetime beneficiary Arlene Acker). Debtor states that the Marital Trust currently has a balance of $3,776,850.45. Thus, the current value of the Debtor's future share of the Marital Trust is approximately $1.259 million. Motion to Dismiss, pp. 3,5.

However, there has been no claim or representation that Arlene Acker is now deceased. Therefore, it makes little sense to include the Debtor's future share of approximately $1.259 million to conclude, in paragraph 24 of the Motion to Dismiss, that "the Debtor has sufficient assets to repay his creditors, with nearly $800,000 in excess."

Dated: <u>February 15, 2023</u>

SOLOMON APPEALS,
MEDIATION & ARBITRATION
<u>/s/ Donna Greenspan Solomon</u>
Donna Greenspan Solomon, Esq.

---

[1] Other creditors have also rejected the "disputed" categorization of their claims.

Donna@SolomonAppeals.com
SOLOMON APPEALS,
MEDIATION & ARBITRATION
901 So. Federal Hwy, Ste. 300
Ft. Lauderdale, FL 33316
Telephone: (561) 762-9932