KIRBY AISNER & CURLEY LLP  
*Attorneys for the Debtor*  
700 White Plains Road, Suite 237  
Scarsdale, New York 10583  
(914) 401-9500  
Julie Cvek Curley, Esq.  
jcurley@kacllp.com

*Hearing Date: March 7, 2023*  
*Hearing Time: 10:00 a.m.*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------X  
In re:

MARK STEVEN ACKER,

      Debtor.  
------------------------------------------------------------X

Chapter 11  
Case No. 22-22359 (SHL)

## DEBTOR'S OBJECTION TO THE RENEWED MOTION BY DAVID & KAREN ACKER FOR AN ORDER CONVERTING THE DEBTOR'S CHAPTER 11 BANKRUPTCY CASE TO A <u>CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE</u>

**TO:**  **HONORABLE SEAN H. LANE,**  
   **UNITED STATES BANKRUPTCY JUDGE**

  Mark Steven Acker, the above-captioned debtor and debtor-in-possession ("**Debtor**"), by his attorneys, Kirby Aisner & Curley LLP, hereby submits this objection (the "**Objection**") to the renewed motion (the "**Motion**") of David Acker ("**David**") and Karen Acker ("**Karen**", together with David, the "**Siblings**") pursuant to §1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**") in support of an order converting this chapter 11 case to a case under chapter 7 of the Bankruptcy Code. In support of his Objection, the Debtor submits the Declaration of Mark Steven Acker (the "**Acker Declaration**")[1] and respectfully sets forth and alleges as follows:

---

[1] Capitalized terms used herein shall have the meaning ascribed to them in the Acker Declaration.

## PRELIMINARY STATEMENT

1. The Motion brought by the Debtor's two Siblings mischaracterize and skew the facts to mislead this Court. The Siblings have all the facts and information and twist and distort them, in what can only be presumed as an attempt to cause the Debtor's demise, for their own benefit.

2. First, the Motion is nothing more than a continued bad faith diversionary litigation tactic on the part of the Siblings to torture and torment the Debtor, presumably with the goal of having a chapter 7 trustee appointed to feed misinformation to so they could prosecute discovery and litigation gains the Debtor, on the Debtor's dime instead of their own. Simply put, the Siblings seek to convert this Chapter 11 Case to chapter 7 so that they could investigate and torture the Debtor, his wife Rochelle, and their children, without having to spend any of their own money. It is respectfully submitted that such a bad faith "litigation tactic" should not be condoned or given weight by this Court.

3. Second, no actual or compelling cause is set forth in the Motion. The Motion reiterates that very same allegations as their first motion to convert, which was denied. The only thing that has transpired since the hearing on the prior motion was extensive settlement negotiations which lasted several months, the entire time which the parties agreed to "put down their pens". For the Siblings to have asked the Debtor to essentially stay this Chapter 11 Case while they attempted to settle their dispute, then turn around and use the agreed stay as cause to convert this Chapter 11 Case to a chapter 7 case is disingenuous.

4. Lastly, cause does not exist to convert this Chapter 11 Case, and this Chapter 11 Case has become a two-party dispute such that the Motion should be denied and instead the Debtor's Motion to dismiss this Chapter 11 Case should be granted.

## BACKGROUND

5. The Court is respectfully referred to the Acker Declaration for the background related to this Motion.

## ARGUMENT

### POINT I

### THE CHAPTER 11 CASE SHOULD NOT BE CONVERTED TO A CASE UNDER CHAPTER 7

6. This Court should deny the Motion to convert to this Chapter 11 Case. By filing the Chapter 11 Case, the Debtor hoped to bring a level professionalism and resolution to his decades long dispute with his Siblings. Unfortunately, that could not be accomplished and they are now insisting that the Chapter 11 Case be converted to a chapter 7 case instead of dismissed so that they could manipulate a chapter 7 trustee to conduct an unnecessary investigation of the Debtor, without having to spend their own money. The Debtor has not concealed or hidden any assets, has not grossly mismanaged his estate, and has not taken any action (or inaction) that would harm or prejudice his creditors or estate.

7. The Siblings argue (without merit) that grounds exist under Section §1112(b)(4) of the Bankruptcy Code for conversion of a Chapter 11 Case to a Chapter 7 proceeding. However, much of the allegations that the Siblings rely upon are unsupported, inaccurate and misleading and the Motion must be denied.

8. "Mere conclusory allegations with no citations to the record or any legal authority for support does not constitute adequate briefing." *In re Julian*, No. 11-30151 LMW, 2012 WL 506573, at *4 (Bankr. D. Conn. Feb. 15, 2012)(citing *MacArthur v. San Juan County,* 495 F.3d 1157, 1160–61 (10th Cir.2007)); *N/S Corp. v. Liberty Mut. Ins. Co.,* 127 F.3d 1145, 1146 (9th Cir.1997)("[W]hile the opening brief is replete with assertions of fact and assertions about the

record, it contains a mere handful of generalized record citations. The brief leaves it up to the court to attempt to find the asserted information;" brief stricken from the record (citations omitted).); *Glidepath Holding v. Spherion Corp.,* 590 F.Supp.2d 435, 459 n. 9 (S.D.N.Y.2007) ("[T]he Court has no obligation to consider an argument for which a party has cited no legal authority...."); *Field Day, LLC v. County of Suffolk,* No. 04–CV–2202(DRH)(WDW), 2005 WL 2445794, at * 18 n. 8 (E.D.N.Y. Sept. 30, 2005), *aff'd in part, rev'd in part,* 463 F.3d 167 (2d Cir.2006) ("[B]ecause ... [the defendant] cites absolutely no authority to support ... [its argument], the Court will not consider it.").

9. The Siblings cite (i) failure to properly administer his estate, (ii) administrative insolvency, (iii) jeopardizing the value of his assets and causing delay and harm to his creditors, (iv) incapability of the Debtor to protect and administer his estate, (v) failure to timely file monthly operating reports, (vi) failure to adjudicate claims, investigate or prosecute causes of action, and (vii) expiration of the sale listing for 47 Tranquility. In support of these conclusions, the Siblings argue that the Debtor has provided false and misleading information, which statement itself is false and misleading. As set forth in the Acker Declaration, the Debtor has not concealed or omitted any assets, and all of these explanations are know to the Siblings who ignore them presumably because they defeat and rebut their arguments, and instead set forth arguments the Siblings know are inaccurate for the purpose of misleading this Court and to further their own agendas.

10. In support of the Siblings' position that cause exists to convert the Chapter 11 Case, the Siblings summarily state that the Debtor has failed to properly administer his estate without providing any instances of the purported failure. The standard for establishing "cause" requires that the mismanagement to be "gross" such that it is "glaringly noticeable usu[ally] because of inexcusable badness or objectionableness." *In re 210 W. Liberty Holdings, LLC*, 2009 Bankr.

LEXIS 1706, at *16 (Bankr. N.D. W. Va. 2009)(citing *Webster's Ninth New Collegiate Dictionary* 538 (1991)). The Siblings simply do not carry this burden in their Motion.

11. The Siblings state that the Debtor is administratively insolvent. Again, the Siblings offer nothing in their Motion in support of this conclusion.

12. The Siblings state that the Debtor is incapable of protecting or administering his interest in the Estate since he no longer has counsel. The Debtor's prior counsel asserted a pre-petition claim against the Debtor which the Debtor disputes and accordingly, that counsel was not disinterested as required under Section 327(a) of the Bankruptcy Code and could not be retained. For that reason, the Debtor did not oppose the withdrawal of this counsel in the Estate Litigation.

13. There is an upcoming hearing in the Estate Litigation schedule for March 27, 2023 on the Siblings' Motion Concerning Priority of Distributions from the Estate. The Debtor has found counsel and intends to engage him to represent him in connection with that motion and at the hearing. However, since the Debtor is seeking to dismiss this Chapter 11 case, a retention application has not been filed. The Debtor is more invested that any other party in protecting his interest in the Estate, so the accusation that he is incapable of protecting his interest because his representation by conflicted counsel was terminated actually supports the Debtor's position that he IS capable of protecting his interests in the Estate.

14. Another argument raised by the Siblings to support their argument that cause exists to convert the Chapter 11 Case, is that the Debtor has failed to timely file monthly operating reports. The Debtor has filed his monthly operating reports for every month since he has been in the Chapter 11 proceeding. Again, this is just another example of the Siblings making false statements to this Court.

15. The Siblings argue that the Debtor has failed to adjudicate claim, investigate or prosecute causes of action, which is cause to convert this Chapter 11 Case to chapter 7. As set forth in the Acker Declaration, there is no basis for any such claims.

16. First, the transfers from the Debtor to his wife, Rochelle, were done in or about 2004 and this fall outside the "lookback" period and could not be recovered, either under New York state law, or under the Bankruptcy Code.

17. Second, the assets transferred (with the exception of IMA) had no value at the time of the transfer. MSA provided consulting services to the Debtor's father's businesses so that the Debtor could help his elderly retired father manage those businesses. MSA reported losses every year on its tax returns. Additionally, MSA did not have any assets of value. It owned trademarks that it licensed when it was trying to build its cosmetics company, but since that business never took off, the trademarks have no value. So, when the Debtor transferred his shares in MSA to Rochelle, those shares had no value, and continue to not have any value.

18. With respect to IMA, at the time of the transfer, it owned 50 Tranquility Road, Suffern, New York which was purchased in 2000 for $415,000 using the Debtor's proceeds from the sale of Pavion. The Debtor and his family moved into this property while renovations were being done at 47 Tranquility (which was right across the street). After the Debtor was diagnosed with cancer in 2002, he transferred his interest in IMA to Rochelle in 2004 based upon the advice that transfers between spouses for no consideration were permitted. Further, at the time of the transfer, the Debtor did not have any debts and was not involved in any litigations that could result in liability. Lastly, when IMA sold in 50 Tranquility in 2020 for $503,500, the sale proceeds were used to (1) replace Rochelle's separate personal savings that had been liquidated to fund the

Debtor's defense from the Siblings attacks in the Estate Litigation, and (2) pay for ordinary living expenses.

19. Given the foregoing, the Debtor does not believe that there are any meritorious claims or causes of action that could be pursued, other than for the sole purposes of harassment and intimidation.

20. Lastly, the Siblings state that the expiration of the listing for 47 Tranquility, which resulted in it being removed from the multiple listing service, was deceptive and intentionally withheld from the Court. While the Debtor was engaged in settlement discussions with his Siblings, he received a below asking offer on 47 Tranquility. The Debtor made the decision to hold off on entering into the contract of sale in the event the settlement negotiations were not successful at which point, he would have sought to dismiss this Chapter 11 Case.

21. Accordingly, cause does not exist to convert the Debtor's Chapter 11 Case to a chapter 7 case on those (or any other) grounds.

22. Even if the Court determines that "cause" exists, the Court still has the discretion to deny the Motion and instead grant the Debtor's motion to dismiss, "the Court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate…" *See* 11 U.S.C. § 1112(b).

23. As set forth in the Acker Declaration, the Debtor submits that his Siblings have not established "cause." However, even if the Court determines that the Siblings has established cause, the Debtor submits that dismissal of the Chapter 11 Case is in the best interests of the creditors and his estate.

24. To the contrary, conversion of the Debtor's case is not warranted since it would (a) allow the Siblings whose claim is substantially disputed (other than the $960,000 judgment, the

remaining $1.65M asserted is unliquidated, contingent, and disputed ) have it both ways and rely on the costs of Debtor defending against their claims (which would also exist outside of bankruptcy, over a lengthier period of time) as justification for conversion; and (b) deprive the Debtor of his choice of counsel, who have been involved in these litigations from the and require a Chapter 7 trustee and its professionals to spend extensive time and effort familiarizing themselves with complex facts and history (as well as take a commission on any distribution). *See In re All Am. Of Ashburn, Inc.*, 40 B.R. 104, 109 (Bankr. N.D. Ga. 1984) (denying motion to convert to Chapter 7 where administrative expenses may be greater because of duplicative work that would be done by new counsel for the chapter 7 trustee); *In re R & S St. Rose Lenders, LLC*, No. 11-14973, 2016 WL 3536533, at *6 (Bankr. D. Nev. May 18, 2016) (denying motion to convert to Chapter 7 in part due to time and costs involved in appointing trustee to administer the proceeding).

25. It is the best interests of all parties and a save on judicial resources to dismiss the Chapter 11 Case so the Debtor and his Siblings can continue their litigations in the state courts, which are the appropriate venues to resolve their disputes. For these reasons and the reasons articulated in the Debtor's motion to dismiss, the Debtor submits that this Chapter 11 Case should not be converted to chapter 7 and instead dismissed.

## **CONCLUSION**

26. The Debtor filed this Chapter 11 Case with hopes of finally reaching a settlement with his Siblings, and then liquidating his assets to fund a chapter 11 repayment plan. Every effort taken by the Debtor has been met with resistance and thwarted by his Siblings. The Debtor submits that cause does not exist to convert this case, and alternatively dismissal of this Chapter 11 Case is appropriate.

**WHEREFORE**, the Debtor respectfully requests that the Court deny the Motion in its entirety and grant the Debtor's motion to dismiss this Chapter 11 Case, together with such other and further relief as is just and proper under the circumstances.

Dated: Scarsdale, New York
February 28, 2023

        KIRBY AISNER & CURLEY LLP
        *Attorneys for the Debtor*
        700 Post Road, Suite 237
        Scarsdale, New York 10583
        (914) 401-9500

        By: */s/ Julie Cvek Curley*
             Julie Cvek Curley