| | | |
|---|---|---|
| Debtor 1: | **Mark Steven Acker**<br>First Name    Middle Name    Last Name | Social Security number or ITIN:   xxx–xx–2372<br>EIN:   _ _–_ _ _ _ _ _ _ |
| Debtor 2:<br>(Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN:  _ _ _ _<br>EIN:   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court:   Southern District of New York | | Date case filed in chapter:   11    6/15/22 |
| Case number:   **22–22359–shl** | | Date case converted to chapter:   7    3/10/23 |

Official Form 309A (For Individuals or Joint Debtors)

# Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline

10/20

**For the debtor(s) listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at   https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office and the office of the U.S. Trustee cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | **About Debtor 1:** | | **About Debtor 2:** |
|---|---|---|---|---|
| 1. | **Debtor's full name** | Mark Steven Acker | | |
| 2. | **All other names used in the last 8 years** | | | |
| 3. | **Address** | 2305 Round Pointe Drive<br>Haverstraw, NY 10927 | | |
| 4. | **Debtor's attorney**<br>Name and address | Dawn Kirby<br>Kirby Aisner & Curley, LLP<br>700 Post Road<br>Suite 237<br>Scarsdale, NY 10583 | | Contact phone 914–401–9500<br>Email: dkirby@kacllp.com |
| 5. | **Bankruptcy trustee**<br>Name and address | Howard P. Magaliff<br>Howard P. Magaliff – Chapter 7 Trustee<br>335 Madison Avenue<br>9th Floor<br>New York, NY 10017 | | Contact phone 646–453–7851<br>Email: trustee@r3mlaw.com |

**For more information, see page 2 >**

| 6. | **Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at pacer.uscourts.gov. | 300 Quarropas Street<br>White Plains, NY 10601<br><br>Clerk of the Bankruptcy Court:<br>Vito Genna | Office Hours: Monday – Friday<br>8:30 AM – 5:00 PM<br><br>Contact phone 914–467–7250<br>Date: 3/13/23 |
|----|----|----|----|
| 7. | **Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **April 27, 2023 at 09:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. Debtor should bring this notice to the first meeting of creditors, together with any other documents requested by the trustee. **Cell phones are not permitted in the Courthouse without an Attorney Secure Pass which can be obtained at the U.S. District Court Clerk's Office.** | Location:<br><br>**Teleconference \*ONLY\*, Contact Trustee (see Trustee Section), for direction** |
| 8. | **Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. | |
| 9. | **Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9).<br><br>**Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline: 6/26/23**<br><br><br><br><br><br><br><br><br><br>**Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| 10. | **Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| 11. | **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| 12. | **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |
| 13. | **Debtors** | Duty to complete Financial Management Course and File Certificate: The Personal Financial Management Course must be completed and Official Form 423 (Certification About a Financial Management Course) must be filed within 60 days after the first date set for your section 341(a) meeting, pursuant to Bankruptcy Rule 1007(c). Please note: You will not receive your discharge and your case will be closed without entry of a discharge, if you do not file the form within the required time allotted. If you fail to file the Certification About a Financial Management Course and your case is closed, you will be required to file a Motion to Reopen the Case to allow for filing of the Certification, paying required fees, if any become due, applicable to either the reopening of the case or filing of the motion. | |