Howard P. Magaliff, Trustee
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                                    :          Chapter 7
                                                          :
MARK STEVEN ACKER,                                        :          Case No.  22-22359 (SHL)
                                                          :
                                      Debtor.             :
------------------------------------------------------------- x

## APPLICATION FOR ORDER AUTHORIZING THE
## TRUSTEE TO RETAIN R3M LAW, LLP AS HIS ATTORNEYS

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Howard P. Magaliff, the chapter 7 trustee (the "Trustee") of the estate of Mark

Steven Acker (the "Debtor"), respectfully states:

1.      The Debtor filed a voluntary petition for relief under chapter 11 of the

Bankruptcy Code on June 15, 2022 (the "Petition Date").

2.      Pursuant to an order dated March 10, 2023, the Debtor's chapter 11 case

was converted to a chapter 7.

3.      This Application is submitted pursuant to sections 327(a) and (d) of the

Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Bankrupt-

cy Rule 2014-1 for an order authorizing the Trustee to retain the law firm of R3M Law, LLP

("R3M") as his attorneys in connection with the administration of the case.

4.      Professional legal services required on behalf of the Trustee and the estate

include, but not limited to determining the status and value of the ongoing litigation regarding

the Debtor's late father's estate as well as:

a. Assessing the value of the Debtor's assets and related liens, and if there is value for creditors, marketing and selling assets;

b. Investigating potential avoidable transfers including to insiders, and commencing appropriate actions to recover assets and other contested matters, if any;

c. Assisting the Trustee to identify, marshal and liquidate the assets of the Debtor and property of the estate;

d. Investigating the financial affairs of the Debtor, and commencing appropriate actions to recover assets and other contested matters, if any;

e. Initiating and litigating objections to claims if a purpose would be served; and

f. All other services that the Trustee considers necessary to fulfill his statutory and fiduciary duties.

5. The Trustee seeks to retain R3M to provide these services because the firm's attorneys have considerable experience in matters of this nature and have represented parties in interest including trustees, debtor, and secured and unsecured creditors in numerous bankruptcy cases.

6. The attorneys at R3M are admitted to practice before this Court and are qualified to act as the Trustee's attorneys, as more particularly set forth in the Declaration of Howard P. Magaliff, a member of R3M, attached as Exhibit 1. To the best of the Trustee's knowledge and except as set forth below and as otherwise disclosed in the Declaration, (i) R3M does not hold or represent any interest adverse to the Trustee with respect to the matters for which it is being retained; (ii) R3M is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code; (iii) neither R3M nor its professionals have any connection with the Debtor, the estate, or creditors; and (iv) R3M's employment is necessary and in the best interests of the estate.

2

4895-6005-9747, v. 4

7.     R3M will be employed under a general retainer.  R3M will charge its customary billing rates for services rendered subject to approval of this Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and any orders of the Bankruptcy Court.  The current hourly rates of R3M's attorneys range from $400 to $825, and the paralegal rate is $340.  These rates are reviewed and may be adjusted in January of each year.  R3M will advise the Trustee, the Court and the United States Trustee in writing of any rate change during the course of this engagement.  In addition, R3M will seek reimbursement for actual and necessary expenses incurred in connection with its professional services.  R3M will not share any fees it earns other than as permitted by section 504 of the Bankruptcy Code.

8.     Notice of this Application has been given to the Office of the United States Trustee.

9.     No previous application has been made for the relief requested.

**WHEREFORE**, the Trustee respectfully requests that he be authorized to retain R3M as his attorneys in this case effective as of the Filing Date, and that the Court enter the proposed order in the form attached as Exhibit 2, together with such other and further relief as is appropriate.

Dated:   New York, New York
         May 12, 2023

                                        /s/ Howard P. Magaliff
                                        Howard P. Magaliff, Trustee
                                        335 Madison Avenue, 9th Floor
                                        New York, NY 10017
                                        646.453.7851
                                        *trustee@r3mlaw.com*

3

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

In re:                                          :          Chapter 7
                                                :
MARK STEVEN ACKER,                              :          Case No.  22-22359 (SHL)
                                                :
                       Debtor.                  :
------------------------------------------------------------- x

I, Howard P. Magaliff, declare pursuant to 28 U.S.C. § 1746 that the following is

true to the best of my knowledge, information and belief:

1.       I am a partner of R3M Law, LLP ("R3M"), located at 335 Madison Ave-

nue, 9th Floor, New York, NY.  I am a member in good standing of the Bar of the State of New

York and admitted to practice in the Southern District of New York.

2.       To the best of my knowledge, the attorneys of R3M have no connection

with the Debtor or any creditors in this case.  R3M does not represent any interest adverse to that

of the Trustee or the estate in the matters upon which it is to be engaged.  R3M, while employed

by Trustee, will not represent any individual creditor in any capacity in connection with this

case.

3.       Because of the foregoing, I believe that the attorneys of R3M are disinter-

ested persons, and the firm is disinterested.  I know of no reason why R3M cannot act as counsel

to the Trustee in this case.

4.       Consistent with the standards of sections 330 and 331 of the Bankruptcy

Code, R3M will seek compensation at its customary hourly billing rates, which currently range

from $340 to $825.  Our rates are reviewed and may be adjusted in January of each year.  R3M

will advise the Trustee, the Court and the United States Trustee in writing of any rate change

during the course of this engagement.  In addition, R3M will seek reimbursement for actual and

necessary expenses incurred in connection with its professional services. R3M will not share

any fees it earns other than as permitted by section 504 of the Bankruptcy Code.

I declare under penalty of perjury that the foregoing is true and correct.


Dated:  New York, New York
        May 12, 2023

                                            /s/ Howard P. Magaliff
                                            Howard P. Magaliff

4895-6005-9747, v. 4

**EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

In re:                                          :          Chapter 7
                                                :
MARK STEVEN ACKER,                              :          Case No.  22-22359 (SHL)
                                                :
                    Debtor.                     :
---------------------------------------------------------------- x

## ORDER AUTHORIZING THE TRUSTEE TO RETAIN
## R3M LAW, LLP AS HIS ATTORNEYS

Upon the application (the "Application") dated May 12, 2023 of Howard P.

Magaliff, the chapter 7 trustee (the "Trustee") of the estate of the above-named Debtor, for au-

thority to retain the law firm of R3M Law, LLP ("R3M") as his attorneys in connection with the

administration of the case pursuant to sections 327(a) and (d) of the Bankruptcy Code, Rule 2014

of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2014-1; and upon the

Declaration of Howard P. Magaliff submitted in compliance with the Local Rules of this Court;

and it appearing that R3M is disinterested within the meaning of section 101(14) of the Bank-

ruptcy Code and that R3M does not represent any interest adverse to the estate; and notice being

adequate and sufficient; and the United States Trustee having no objection to the entry of this

Order; and sufficient cause appearing, it is

**ORDERED** that the Application is granted as set forth herein; and it is further

**ORDERED** that, pursuant to 11 U.S.C §§ 327(a) and (d), the Trustee is author-

ized to retain the law firm of R3M Law, LLP as his attorneys in this case; and it is further

**ORDERED** that the compensation and reimbursement of expenses of R3M shall

be sought upon, and paid only upon an order granting, a proper application pursuant to sections

330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules and fee and expense guidelines and orders of this Court; and it is further

        **ORDERED** that R3M shall advise the Trustee, the Court and the United States Trustee in writing of any rate change during the course of this engagement; and it is further

        **ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

        **ORDERED** that if there is any inconsistency between the terms of this Order, the Application, and the supporting Affidavit, the terms of this Order shall govern.


Dated:   White Plains, New York
       May ____, 2023

                                        _____
                                        Sean H. Lane
                                        United States Bankruptcy Judge


**NO OBJECTION:**
William K. Harrington
United States Trustee
By:

/s/ Paul Schwartzberg_____
Paul Schwartzberg, Trial Attorney
Dated: May 12, 2023

4895-6005-9747, v. 4