R3M LAW, LLP  
335 Madison Avenue, 9th Floor  
New York, NY 10017  
646.453.7851  
Howard P. Magaliff

Hearing Date and time:  
October 10, 2023 at 10:00 a.m.

Objection Deadline:  
October 6, 2023 at 5:00 p.m.

*Attorneys for Howard P. Magaliff, Trustee*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------ x  
In re: : Chapter 7  
 :  
MARK STEVEN ACKER, : Case No. 22-22359 (SHL)  
 :  
 Debtor. :  
------------------------------------------------------------ x  

**TRUSTEE'S APPLICATION FOR ORDER (i) SCHEDULING AUCTION SALE OF THE REAL PROPERTY LOCATED AT 47 TRANQUILITY ROAD, SUFFERN, NEW YORK AND HEARING TO APPROVE SALE, (ii) APPROVING TERMS AND CONDITIONS OF SALE, (iii) APPROVING BIDDING PROCEDURES, AND (iv) APPROVING NOTICE PROVISIONS**

TO THE HON. SEAN H. LANE,  
UNITED STATES BANKRUPTCY JUDGE:

Howard P. Magaliff, the chapter 7 trustee (the "Trustee") of the estate of Mark Steven Acker ("Acker" or the "Debtor"), by his attorneys R3M Law, LLP, respectfully states:

1. On June 15, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. By Order dated March 10, 2023 [doc. 69] (the "Conversion Order"), the Court converted the Debtor' chapter 11 case to a case under chapter 7 of the Bankruptcy Code. The Trustee was appointed as the chapter 7 interim trustee of the Debtor's estate and succeeded as the trustee pursuant to section 702(d) of the Bankruptcy Code following the first meeting of creditors.

2. The Debtor and his non-debtor spouse are the joint owners of real property located at 47 Tranquility Road, Suffern, NY (the "Property").

3. The Trustee retained MYC & Associates, Inc. ("MYC") as his special real estate broker to market and sell the Property, pursuant to the Order dated June 1, 2023 [doc. 87]. The Trustee will also be filing a motion to approve the auction and sale of the Property pursuant to section 363(f) of the Bankruptcy Code.

4. By this Application, the Trustee seeks the following relief: (i) an order scheduling the auction sale for November 9, 2023 at 11:00 a.m., which will be held either at the Property or on a virtual platform at the discretion of MYC in consultation with the Trustee, and the approval hearing for November 14, 2023 at 10:00 a.m.; (ii) approval of the terms and conditions of sale (the "Terms and Conditions of Sale") attached as Exhibit 1; (ii) approval of the bidding procedures (the "Bidding Procedures") attached as Exhibit 2; and (iv) approval of the notice of auction sale and hearing (the "Notice") attached as Exhibit 3.

5. The auction will be conducted by Marc Yaverbaum or victor Moneypenny of MYC, who have agreed to act as the auctioneer for no additional compensation beyond what MYC would be entitled to as the broker. The initial bid at the auction will be $1,750,000, with successive bids in increments of $50,000 or such other amount as the auctioneer, in consultation with the Trustee, determines. At the conclusion of the auction, the auctioneer will announce the highest and second highest bidders. Each bidder is required to provide a 10% deposit.

6. The sale will be subject to Court approval at the hearing on November 14, 2023. The Property will be sold "as is" and "where is" pursuant to section 363(f) of the Bankruptcy Code, free and clear of all liens, claims and interests of entities other than the estate of whatever kind or nature, with such liens, claims, interests and encumbrances, if any, to attach to the proceeds of the auction sale in such order and priority as they existed immediately prior to the date of the auction sale, and subject to, among other things: (a) any state of facts that an accurate survey would show; (b) any covenants, restrictions and easements of record; (c) any state

2

of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; (e) environmental conditions; (f) any damage or destruction between the date of the auction sale and the date of the closing; and (g) all deed restrictions.  At the approval hearing, the winning bidder must demonstrate to the satisfaction of the Trustee and the Court his, her or its ability to conclude the transaction upon the Terms and Conditions of Sale including the availability of sufficient unencumbered funds to close.

7. Bankruptcy Rule 2002(a)(2) requires 21 days' notice of the proposed sale of estate property not in the ordinary course of business.  Bankruptcy Rule 6004(a) requires that notice of the sale be given in accordance with Bankruptcy Rule 2002, and Bankruptcy Rule 6004(c) requires that notice of a proposed sale under section 363(f) be given to the parties who have liens or interests in the property to be sold.  Bankruptcy Rule 9007 authorizes the Court generally to regulate the entities to whom notice must be given and the form and manner of notice.

8. The Trustee proposes to serve a copy of the order approving this Application in the form of Exhibit 4, together with copies of the Terms and Conditions of Sale, the Bidding Procedures, the Notice of Sale and the motion to approve the sale upon (i) all known secured creditors and entities known to assert a lien or interest against the Property, (ii) all persons known to have expressed an interest in bidding on the Property, (iii) all creditors appearing on the ECF matrix maintained by the Clerk of the Court, (iv) counsel for the Debtor, (v) the United States Trustee, and (vi) everyone who filed a notice of appearance.

9. The Trustee submits that the relief requested in this Application is procedural, not substantive, and that therefore no notice is necessary.  The Trustee will give full and ample notice of the auction sale and approval hearing consistent with the Bankruptcy Rules and any orders entered by the Court.

3

4873-7197-8858, v. 4

**WHEREFORE**, for the foregoing reasons, the Trustee requests that the Court approve the Terms and Conditions of Sale, the Bidding Procedures and the Notice of Sale in the forms attached as Exhibits 1-3, and enter the order in the form attached as Exhibit 4, together with such other and further relief as the Court considers appropriate under the circumstances.

Dated: New York, New York
September 27, 2023

R3M LAW, LLP
Attorneys for the Trustee
By:

/s/ Howard P. Magaliff
Howard P. Magaliff
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
*hmagaliff@r3mlaw.com*

4873-7197-8858, v. 4

# EXHIBIT 1

**TERMS AND CONDITIONS FOR SALE
OF THE REAL PROPERTY LOCATED
AT 47 TRANQUILITY ROAD, SUFFERN**

These terms and conditions, approved by Order of the Bankruptcy Court dated October __, 2023, govern the public auction sale (the "Auction Sale") of the real property and improvements thereon located at 47 Tranquility Road, Suffern, New York (the "Property") owned by the estate of Mark Steven Acker (the "Debtor") and his non-debtor spouse Rochelle Acker ("R. Acker"). R. Acker has consented to the sale of her interest in the Property. The seller is Howard P. Magaliff (the "Trustee"), the chapter 7 trustee of the Debtor.

1. The Auction Sale will take place on November 9, 2023 at 11:00 a.m. at the Property, or by Zoom or other virtual platform. The Auction Sale will be conducted by Marc Yaverbaum or Victor Moneypenny of MYC & Associates, Inc., which was retained by the Trustee as real estate broker.

2. Information regarding the Auction Sale of the Property can be obtained by contacting Marc Yaverbaum or Victor Moneypenny at MYC, 110 South Avenue, Suite 61, Staten Island, NY 10314, (phone) 347.273.1258, (fax) 347.273.1358, (email) *my@myccorp.com* or *vm@myccorp.com*.

3. The Trustee has received an offer of $1,750,000 from Lisa Fischman and Adam Hammerman (the "Offeror"). A copy of the contract (the "Offeror's Contract") is attached to these Term of Sale as Exhibit A.

4. The opening bid at the Auction Sale is $1,750,000. Successive bids shall be in increments of $50,000 or such other amount as the Auctioneer, in consultation with the Trustee, determines.

5. To bid on the Property, prior to the commencement of the Auction Sale each prospective bidder ("Bidder") must deliver to the Auctioneer a certified or bank check made

1

payable to "Howard P. Magaliff, as Trustee of the Estate of Mark Steven Acker" in the amount of $180,000 (the "Qualifying Deposit"), being ten percent (10%) of the initial overbid. The Qualifying Deposit shall serve as a partial good faith deposit against payment of the Purchase Price by any competing Bidder as the Auctioneer, in consultation with the Trustee, determines to have made the highest or best bid for the Property (the "Successful Bidder"). The Auctioneer will hold all Qualifying Deposits in escrow until the conclusion of the Auction Sale. All bids must be received by 5:00 p.m. on November 7, 2023 (the "Bid Deadline").

6. A Bidder must agree to the terms of the Offeror's Contract, or provide a marked-up copy of any changes the Bidder seeks as part of its offer at the same time the Bidder submits a Qualifying Deposit.

7. The Auctioneer, in consultation with the Trustee, reserves the sole and exclusive right to permit bidders at the Auction Sale who have not submitted a Qualifying Deposit if the he determines in his business judgment that allowing such people to bid is in the best interests of the estate. Any person who wishes to bid at the Auction Sale without submitting a Qualifying Bid must bring a certified or bank check to the Auction Sale payable to "Howard P. Magaliff, as Trustee of the Estate of Mark Steven Acker" in the amount of $180,000 and a marked-up copy of the Offeror's Contract with any proposed changes.

8. Within 48 hours after conclusion of the Auction Sale, the Successful Bidder shall deliver to the Auctioneer, by certified or bank check made payable to "Howard P. Magaliff, as Trustee of the Estate of Mark Steven Acker" or by wire in immediately available federal funds, an amount equal to 10% of the high bid realized at the Auction Sale minus the Qualifying Deposit (together with the Qualifying Deposit, the "Deposit").

9. The Successful Bidder and the competing Bidder who the Auctioneer, in consultation with the Trustee, determines to have made the second highest or best bid for the

Property (the "Second Highest Bidder") must execute, and thereby agree to be bound by these Terms and Conditions and the Memorandum of Sale. At the conclusion of the Auction Sale, the Auctioneer will return the Qualifying Deposits to all Bidders, except for the Successful Bidder and the Second Highest Bidder. The Second Highest Bidder's Qualifying Deposit shall be returned within two business days following the closing on the sale of the Property to the Successful Bidder.

10. If the Successful Bidder fails to close on the sale of the Property, the Second Highest Bidder shall have up to seven business days thereafter to close on the sale of the Property.

11. Should the Successful Bidder fail to close on the sale of the Property, the Successful Bidder shall forfeit the Deposit. Thereafter, should the Second Highest Bidder fail to close on the sale of the Property, the Second Highest Bidder shall forfeit the Deposit.

12. The Second Highest Bidder shall not receive a credit for any funds retained by the Trustee as liquidated damages based upon the default of the Successful Bidder.

13. Closing is subject to the entry of the Approval Order. A hearing (the "Approval Hearing") will be held on November 14, 2023 at 10:00 a.m. to consider the Trustee's motion to sell the Property and entry of the Approval Order. The hearing will be conducted virtually using Zoom for Government. Parties wishing to appear must register in advance using the Electronic Appearance portal located on the Court's website at *http://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl*.

14. The Successful Bidder or the Second Highest Bidder, as the case may be, shall be obligated to close title to the Property thirty (30) days after the Bankruptcy Court approves the sale (the "Approval Date") or such other time as agreed to with the Trustee (the

"Closing Date"), and there is no contingency of any kind or nature that will permit the Successful Bidder or the Second Highest Bidder, as the case may be, to cancel or avoid his, her or its obligation under these Terms and Conditions other than the Trustee's inability to deliver insurable title to the Property. The Successful Bidder or the Second Highest Bidder, as the case may be, must demonstrate to the satisfaction of the Trustee and the Court at the Approval Hearing his, her or its ability to conclude the transaction upon these Terms and Conditions including the availability of sufficient unencumbered funds to close.

15. The Property is being sold and delivered **"AS IS" and "WHERE IS", "WITH ALL FAULTS"**, without any representations, covenants, guarantees or warranties of any kind or nature whatsoever, and, pursuant to section 363(f) of the Bankruptcy Code, free and clear of all liens, claims and interests of entities other than the estate of whatever kind or nature, with such liens, claims, interests and encumbrances, if any, to attach to the proceeds of the Auction Sale in such order and priority as they existed immediately prior to the date of the Auction Sale, and subject to, among other things: (a) any state of facts that an accurate survey would show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; (e) environmental conditions; (f) any damage or destruction between the date of the Auction Sale and the date of the Closing; and (g) all deed restrictions. By delivering their Qualifying Deposits or attending and bidding at the Auction Sale without having submitted a Qualifying Deposit, all Bidders acknowledge that they have had the opportunity to review and/or inspect the Property, the state of title thereof, and laws, rules and regulations applicable thereto, and will rely solely thereon and on their own independent investigations and inspections of the Property in making their bids. All Bidders acknowledge that they have con-

4873-7197-8858, v. 4

ducted their own due diligence in connection with the Property, and are not relying on any information provided by the Trustee, the Broker/Auctioneer, and/or the Trustee's retained professionals.

16. The Trustee, the Broker/Auctioneer, and the Trustee's retained professionals have not made and do not make any representations or warranties with respect to the permissible uses of the Property, the physical condition, value of the land or improvements thereon, use or any other matter or thing affecting or related to the Property or the Auction Sale, that might be pertinent to the purchase of the Property, including, without limitation: (a) the current or future real estate tax liability, assessment or valuation of the Property; (b) the potential qualification of the Property for any and all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (c) the compliance or noncompliance of the Property, in its current or any future state, with applicable current or future zoning ordinances or other land use law or regulation, or the ability of the owner of the Property to obtain a change in the zoning or use, or a variance in respect to the Property; (d) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Property from any source, including, but not limited to, any state, city, local government or federal government or institutional lender; (e) the current or future use of the Property; (f) the present and future condition and operating state of any and all machinery or equipment in the Property and the present or future structural and physical condition of any improvements thereon or its suitability for rehabilitation or renovation; (g) the ownership or state of title of any personal property in the Property; (h) the presence or absence of any laws, ordinances, rules or regulations issued by any governmental authority, agency or board and any violations thereof; (i) any present or future issues concerning subdivision or non-subdivision of the Property; or (j) the compliance or non-compliance of the

5

Property with environmental laws and the presence or absence of underground fuel storage tanks, any asbestos or other hazardous materials anywhere in or on the Property. The Trustee, the Broker/Auctioneer, and the Trustee's retained professionals are not liable or bound in any manner by express or implied warranties, guaranties, promises, statements, representations or information pertaining to the Property.

17. The Trustee shall convey the Property by quitclaim deed. The quality of title shall be that which a reputable title insurance company doing business in the State of New York is willing to approve and insure, subject to the exceptions set forth in ¶ 15 herein. The Successful Bidder or the Second Highest Bidder, as the case may be, must use a title company selected or agreed to by the Trustee.

18. Nothing contained in these Terms and Conditions shall supersede or alter any provisions of the Bankruptcy Code or of the Federal Rules of Bankruptcy Procedure or otherwise interfere with the jurisdiction of the Court. To the extent of any conflict between the Bankruptcy Code and/or the Bankruptcy Rules and these Terms and Conditions, the Bankruptcy Code and/or the Bankruptcy Rules shall govern. All of the terms and conditions set forth in these Terms and Conditions are subject to modification as may be directed by the Trustee or the Court. Other than with respect to paragraph 7 above, the Trustee reserves the right to modify these Terms and Conditions at the Auction Sale or thereafter to maintain consistency with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and/or prior orders of the Court.

19. These Terms and Conditions will be read into the record, or specifically incorporated by reference, at the Auction Sale. By making a bid for the Property, all Bidders will be deemed to have acknowledged having read these Terms and Conditions of Sale and having agreed to be bound by them.

4873-7197-8858, v. 4

20. The Auction Sale of the Property is subject to entry of the Approval Order. Any disputes concerning the Auction Sale shall be determined by the Court. By participating in the Auction Sale, all Bidders consent to the jurisdiction of the Court to determine any disputes.

21. By making a bid for the Property, all Bidders will be deemed to have acknowledged having read these Terms and Conditions of Sale and have agreed to be bound by them.

I have read these Terms and Conditions of Sale and agree to be bound by them.

By: _____

Print Name: _____

Date: _____, 2023

# **EXHIBIT A**

Contract of Sale

# MEMORANDUM OF SALE

The undersigned this ___ day of _____, 2023 agree to purchase the real property and improvements thereon located at 47 Tranquility Road, Suffern, New York (the "Property") for the sum of $_____ and promises and agrees to comply with the preceding Terms and Conditions of Sale of the Property.

_____  _____
Purchaser (Signature)  Purchaser (Signature)

Name: _____  Name: _____
Address: _____  Address: _____
_____  _____

Phone: _____  Phone: _____
Fax: _____  Fax: _____
Email: _____  Email: _____

Received from _____ on _____, 2023 the sum of $175,000 as a non-refundable (except as set forth in the Terms and Conditions of Sale) deposit for the purchase of the Shares pursuant to the Terms and Conditions of Sale.

MYC & Associates, Inc.
By:

_____
Name:

## PURCHASER ATTORNEY INFORMATION

Name: _____
Address: _____
_____

Phone: _____
Fax: _____
Email: _____

# EXHIBIT 2

## BIDDING PROCEDURES FOR THE SALE OF THE DEBTOR'S REAL PROPERTY LOCATED AT 47 TRANQUILITY ROAD, SUFFERN, NEW YORK

Qualifications of Bidders

1. A person who is seeking to become a qualified bidder will deliver financial information reasonably demonstrating such bidder's ability to consummate a sale on the terms proposed in the Terms and Conditions of Sale and the Memorandum of Sale, to Marc Yaverbaum or Victor Moneypenny at MYC & Associates, Inc., 110 South Avenue, Suite 61, Staten Island, NY 10314, (phone) 347.273.1258, (fax) 347.273.1358, (email) *my@myccorp.com* or *vm@myccorp.com.*, with a copy provided to Howard P. Magaliff at R3M Law, LLP ("R3M Law"), counsel to Howard P. Magaliff, Trustee (the "Trustee"), 335 Madison Avenue, 9th Floor, New York, NY 10017, (phone) 646.453.7851, (email) *hmagaliff@r3mlaw.com*. Such financial information must include current audited or verified financial statements of, or verified financial commitments obtained by, the potential bidder. If the potential bidder is an entity formed for the purpose of acquiring the property, an established entity or individual that will bear liability for any breach by the potential bidder shall provide the described financial information.

Qualification of Bids Prior to Auction

2. For a bid to constitute a qualifying bid, it must be in conformance with the Terms and Conditions of Sale and Memorandum of Sale. The bid must be submitted to MYC with a copy to R3M Law no later than November 7, 2023 at 5:00 p.m. EST. As set forth in the proposed Memorandum of Sale, to qualify as a qualifying bid, the bid must include a good faith deposit of $180,000. The good faith deposit will be non-refundable if the bidder is selected as the successful bidder and fails to consummate the purchase. The good faith deposit shall be in the form of a certified or bank check made payable to "Howard P. Magaliff, as Trustee of the Estate of Mark Steven Acker."

3. MYC, in consultation with the Trustee, reserves the sole and exclusive right to permit bidders at the Auction Sale who have not submitted a Qualifying Deposit if they determine in their business judgment that allowing such people to bid is in the best interests of the estate. Any person who wishes to bid at the Auction Sale without submitting a Qualifying Bid must bring a certified or bank check to the Auction Sale payable to "Howard P. Magaliff, as Trustee of the Estate of Mark Steven Acker" in the amount of $180,000.

Auction Sale Procedures

4. The Auction Sale will be conducted openly and each bidder will be informed of the terms of the previous bid.

5. The Auction Sale will be conducted by Marc Yaverbaum or Victor Moneypenny of MYC in accordance with applicable Bankruptcy and Local Rules.

6. At the beginning of the Auction Sale, the auctioneer will announce the opening bid. The bidding will proceed in increments of $50,000 or such other amount as the auctioneer in consultation with the Trustee may determine.

7. A bidder must agree to the terms of the contract of the opening bid, or provide a marked-up copy of any changes the bidder seeks as part of its offer at the same time the bidder submits a Qualifying Deposit.

8. Each bidder must confirm at the Auction Sale that it has not engaged in any collusion with respect to the bidding.

9. Absent irregularities in the conduct of the Auction Sale, or reasonable and material confusion during the bidding, the Court will not consider bids made after the Auction Sale has closed.

10. Within 48 hours after conclusion of the Auction Sale, the Successful Bidder shall deliver to the Auctioneer, by certified or bank check made payable to "Howard P. Magaliff, as Trustee of the Estate of Mark Steven Acker" or by wire in immediately available federal funds, an amount equal to 10% of the high bid realized at the Auction Sale minus the Qualifying Deposit (together with the Qualifying Deposit, the "Deposit").

11. The Trustee will be permitted to retain the good faith deposit of the second highest bidder (the "Second Highest Bidder"). If the highest Bidder fails to close on the purchase of the Property within seven business days after the Court approves the Auction Sale and the sale of the Property or such other time as agreed with the Trustee, the Second Highest Bidder shall have seven business days after receiving notice that the highest Bidder has failed to close to close on the purchase. The Second Highest Bidder's good faith deposit shall be returned within two business days following the closing on the sale of the Property to the Successful Bidder.

12. The good faith deposits of all other bidders will be refundable at the conclusion of the Auction Sale.

**EXHIBIT 3**

| | |
|---|---|
| R3M Law, LLP<br>335 Madison Avenue, 9th Floor<br>New York, NY 10017<br>646.453.7851<br>Howard P. Magaliff | **Auction Sale Date:** November 9, 2023<br>11:00 a.m.<br><br>**Hearing to Approve Auction Sale:** November 14, 2023<br>10:00 a.m. |
| *Attorneys for Howard P. Magaliff, Chapter 7 Trustee* | **Objection Deadline:** November 10, 2023<br>5:00 p.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:                                                      :       Chapter 7
                                                            :
MARK STEVEN ACKER,                                          :       Case No. 22-22359 (SHL)
                                                            :
                              Debtor.                       :
------------------------------------------------------------ x

### NOTICE OF (i) AUCTION SALE OF REAL PROPERTY LOCATED AT 47 TRANQUILITY ROAD, SUFFERN, NEW YORK, AND (ii) HEARING TO CONSIDER APPROVAL OF SALE AND HIGH BIDDER

TO ALL CREDITORS AND OTHER INTERESTED PARTIES:

**PLEASE TAKE NOTICE** that on November 9, 2023 at 11:00 a.m., or at such later date and time as shall be chosen by the Trustee upon notice to necessary parties, Howard P. Magaliff (the "Trustee"), Chapter 7 Trustee of the estate of Mark Steven Acker (the "Debtor") will sell at a public auction (the "Auction Sale") the real property and improvements thereon located at 47 Tranquility Road, Suffern, New York (the "Property") owned by the Debtor and his spouse. The Property will be sold "as is" and "where is", free and clear of all liens, claims, interests and encumbrances of whatever kind or nature, with such liens, if any, to attach to the net proceeds of sale with the same validity, enforceability and priority that they had before the Auction Sale date and subject to any claims and defenses that the Trustee or the Debtors' estate may possess.

**PLEASE TAKE FURTHER NOTICE** that the attached Order approving the terms and conditions of the Auction Sale and the bidding procedures will govern the Auction Sale and the solicitation of bids. Prospective buyers are encouraged to review the attached Order, the Terms and Conditions of Sale and the Bidding Procedures for all of the requirements for submitting qualifying bids, procedures and other important terms and conditions.

**PLEASE TAKE FURTHER** that the opening bid at the Auction Sale shall be $1,750,000. Successive bids must be in increments of $50,000 or such other amount as may be determined at the Auction Sale.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Trustee's motion to approve the Auction Sale and the high bidder will be held on October 25, 2023 at

10:00 a.m. before the Honorable Sean H. Lane, United States Bankruptcy Judge. The hearing will be conducted virtually using Zoom for Government. Parties wishing to appear must register in advance using the Electronic Appearance portal located on the Court's website at *http://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl*.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Auction Sale and the high bidder, if any, must be in writing, conform to the Federal Rules of Bankruptcy Procedure and be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found *at www.nysb.uscourts.gov*, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), Word or any other Windows-based word processing format (in either case, with a hard copy delivered to Chambers), and be served upon (i) R3M Law, LLP, counsel for the Trustee, 335 Madison Avenue, 9th Floor, New York, NY 10017, Attn: Howard P. Magaliff, Esq., *hmagaliff@r3mlaw.com*; and (ii) Office of the United States Trustee, Alexander Hamilton custom House, One Bowling Green, Room 534, New York, NY 10004, Attn: Paul Schwartzberg, Esq., *paul.schwartzberg@usdoj.gov* so as to be actually received no later than October 20, 2023 at 5:00 p.m.

**PLEASE TAKE FURTHER NOTICE** that only objections made in writing and timely filed and received will be considered by the Bankruptcy Court at the hearing.

Dated:  New York, New York  
        September 19, 2023

R3M LAW, LLP  
Attorneys for the Trustee  
By:

/s/ Howard P. Magaliff  
Howard P. Magaliff  
335 Madison Avenue, 9th Floor  
New York, NY 10017  
646.453.7851  
*hmagaliff@r3mlaw.com*

**EXHIBIT 4**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                          :        Chapter 7
                                                :
MARK STEVEN ACKER,                              :        Case No. 22-22359 (SHL)
                                                :
                         Debtor.                :
------------------------------------------------------------- x

### ORDER (i) SCHEDULING AUCTION SALE OF THE REAL PROPERTY LOCATED AT 47 TRANQUILITY ROAD, SUFFERN, NEW YORK AND HEARING TO APPROVE SALE, (ii) APPROVING TERMS AND CONDITIONS OF SALE, (iii) APPROVING BIDDING PROCEDURES, AND (iv) APPROVING NOTICE PROVISIONS

Upon the application dated September 27, 2023 (the "Application") of Howard P. Magaliff (the "Trustee"), the chapter 7 trustee of the estate of Mark Steven Acker (the "Debtor"), for entry of an order (i) scheduling (a) the auction sale of the real property and improvements thereon located at 47 Tranquility Road, Suffern, New York (the "Property") owned by the Debtor and his spouse for November 9, 2023 at 11:00 a.m. and (b) the hearing before this Court for November 14, 2023 at 10:00 a.m. to consider the Trustee's motion for approval under 11 U.S.C. § 363(b) of the auction sale of the Property pursuant to 11 U.S.C. § 363(f) free and clear of liens and interests of entities other than the estate (the "Sale Motion") and the proposed notice thereof; (ii) approving the terms and conditions of sale (the "Terms and Conditions of Sale") attached as Exhibit 1 to the Application; (ii) approving the bidding procedures (the "Bidding Procedures") attached as Exhibit 2 to the Application; and (iv) approving the notice of auction sale and hearing (the "Notice") attached as Exhibit 3 to the Application; and it appearing that there is good and sufficient cause to approve the proposed Terms and Conditions of Sale, Bidding Procedures, Notice, and notice of the Sale Motion and the hearing thereon, in that the proposed Notice and notice of the Sale Motion and sale hearing are consistent with the applicable Bankruptcy

Rules and that the Terms and Conditions of Sale and Bidding Procedures are in the best interests of the Debtor's estate, creditors, and parties in interest as likely to maximize the sale price pursuant to an open, fair and orderly process consistent with the Trustee's duty to promptly liquidate the property of the Debtor's estate; now, therefore it is,

**ORDERED**, that the Application be, and hereby is, granted as set forth herein; and it is further

**ORDERED**, that the Trustee be, and hereby is, authorized and directed to conduct an auction sale of the Property in accordance with the requirements of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court; and it is further

**ORDERED**, that the forms of the Terms and Conditions of Sale, the Bidding Procedures and the Notice of Sale attached as Exhibits 1-3 to the Application be, and hereby are approved; and it is further

**ORDERED**, that the Auction Sale shall take place on November 9, 2023 at 11:00 a.m. and shall be conducted in accordance with the Bidding Procedures attached as Exhibit 2 to the Application; and it is further

**ORDERED** that the hearing to consider approval of the Sale Motion and the Successful Bidder (as that term is defined in the Terms and Conditions of Sale) will be held on November 14, 2023 at 10:00 a.m. The hearing will be conducted virtually using Zoom for Government. Parties wishing to appear must register in advance using the Electronic Appearance portal located on the Court's website at *http://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl*; and it is further

**ORDERED** that the Trustee shall serve (a) a copy of this Order, the Terms and Conditions of Sale, the Bidding Procedures, the Notice of Sale and the motion to approve the sale (the "Sale Motion") within three business days after filing the Sale Motion upon (i) all known secured creditors and entities known to assert a lien or interest against the Property, (ii) all persons known to have expressed an interest in bidding on the Property, (iii) all creditors appearing on the ECF matrix maintained by the Clerk of the Court, (iv) counsel for the Debtor, (v) the United States Trustee, and (vi) everyone who filed a notice of appearance; and it is further

**ORDERED** that MYC & Associates, Inc. ("MYC") shall continue to market the Property until the Auction Sale in the manner in which MYC, in the exercise of its business judgment, determines is the best method for soliciting offers under the circumstances and consistent with the Trustee's retention of MYC.

Dated: White Plains, New York
      October __, 2023

                                       Hon. Sean H. Lane
                                       United States Bankruptcy Judge

4873-7197-8858, v. 4