R3M Law, LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
Howard P. Magaliff
William C. Buzzini

*Attorneys for Howard P. Magaliff, Trustee*

**Hearing Date and time:**
November 14, 2023 at 10:00 a.m.

**Objection Deadline:**
November 10, 2023 at 5:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- x
In re:                                      :         Chapter 7
                                          :
MARK STEVEN ACKER,                :         Case No. 22-22359 (SHL)
                                          :
                     Debtor.           :
----------------------------------------------------------- x

**TRUSTEE'S MOTION TO SELL THE REAL PROPERTY LOCATED AT
47 TRANQUILITY ROAD, SUFFERN, NEW YORK FREE AND CLEAR OF LIENS
AND INTERESTS PURSUANT TO §§ 363(b) AND (f) OF THE BANKRUPTCY CODE**

TO THE HON. SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

    Howard P. Magaliff, the chapter 7 trustee (the "Trustee") of the estate of Mark Steven Acker (the "Debtor"), by his attorneys R3M Law, LLP, respectfully submits this motion for an order pursuant to sections 363(b) and (f) of the Bankruptcy Code, title 11, United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 6004-1 authorizing him to sell the real property located at 47 Tranquility Road, Suffern, NY (the "Property") free and clear of liens and interests, and states:

**INTRODUCTION**

    1.  On June 15, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. By Order dated March 10, 2023 [doc. 69], the Court converted the Debtor' chapter 11 case to a case under chapter 7 of the Bankruptcy

Code. The Trustee was appointed as the chapter 7 interim trustee of the Debtor's estate and succeeded as the trustee pursuant to section 702(d) of the Bankruptcy Code following the first meeting of creditors.

2. The Debtor and his non-debtor spouse are the joint owners of real property located at 47 Tranquility Road, Suffern, NY (the "Property").

3. The Trustee retained MYC & Associates, Inc. ("MYC") as his special real estate broker to market and sell the Property, pursuant to the Order dated June 1, 2023 [doc. 87]. On September 27, 2023 the Trustee filed an application for an order (the "Sale Procedures Order") (i) scheduling an auction sale of the Property (the "Auction Sale") and a hearing to approve the sale, (ii) approving the terms and conditions of the sale (the "Terms and Conditions of Sale"), (iii) approving the bidding procedures (the "Bidding Procedures"), and (iv) approving the notice provisions [doc. 101]. The Auction Sale will be on November 9, 2023 at 11:00 a.m.

4. By this Motion, the Trustee seeks entry of an order: (i) approving the results of the Auction Sale and confirming the Successful Bidder and Second Highest Bidder (as those terms are defined in the Terms and Conditions of Sale); and (ii) authorizing the sale of the Property to the Successful Bidder or the Second Highest Bidder, as the case may be, pursuant to sections 363(b) and (f) of the Bankruptcy Code.

## MARKETING AND SALE OF THE PROPERTY

5. MYC located a buyer for the Property, Lisa Fischman and Hammerman (the "Buyer") who offered $1,750,000 (the "Offer"). Pursuant to bidding procedures, an auction was scheduled for November 9, 2023 with the Buyer's Offer as the opening bid.

6. MYC marketed the Property before the Offer was made. This was the second offer received; the first was withdrawn. To prepare for the auction, MYC's marketing efforts will include, but not be limited to:

2

- MYC & Associates, Inc. – MYC caused a listing of the Property to appear on its website, *MYCcorp.com*. MYC's website is known as a listing source for distressed assets available for purchase. Since shortly after its retention in this matter, MYC maintained a posting of the Real Property on its website.

- MLS – MYC listed the Property with a statewide multiple listing service across all of New York's 62 counties. New York State MLS is a database that allows licensed realtors to search and find real estate MLS listings for sale.

- Flyer – MYC caused a flyer to be designed that was included in due diligence materials sent to interested parties for the Auction Sale.

- E-mail Blasts – MYC caused multiple e-mail notifications to be sent to its subscriber database informing them as to the availability of the Property and timing of the Auction Sale. MYC's subscribers consist of real estate professionals, investors, brokers and buyers who, in addition to having interest in purchasing real property, maintain their own network of potential purchasers for the Property.

- Showings – The Property was made available for inspection by appointment at a time convenient for an interested party.

- Trulia – MYC caused a listing of the Property to appear on Trulia.com. Trulia is an online residential real estate site for homebuyers, sellers, renters and real estate professionals.

- Zillow – MYC caused a listing of the Property to appear on Zillow.com. Zillow serves the full lifecycle of owning and living in a home: buying, selling, renting, financing, remodeling and more.

- Realtor.com – MYC caused a listing of the Property to appear on Realtor.com. Realtor.com is boasts that it is real estate's most accurate online and mobile destination with direct connections to over 800 national MLS's and property updates every 15 minutes.

- Homes.com – MYC caused a listing of the Property to appear on *Homes.com*. Homes.com provides advertising and marketing services that helps real estate professionals connect with buyers.

- ADWERX – MYC caused a display advertisement for the Property, that received over 40,000 views, to appear on Facebook and other websites including, but not limited to *Yahoo.com*, *Youtube.com*, *Latimes.com, Huffingtonpost.com, CNN.com, ABCnews.com, USAtoday.com*, *Foxnews.com*, *Espn.com* and *Washingtonpost.com*.

- ADWERX is a digital marketing tool that allows the Property to be advertised on the entire web with a target display advertisement by location.

- Social Media – MYC used its Instagram and Linked-in social media platforms to inform its followers of the availability of the Property and the Auction Sale.

- Photographs – MYC caused professional photographs of the Property to be taken for the listing content.

- Floorplans – MYC's design team measured the Property and drew floor plans for marketing purposes.

MYC will continue to market the Property actively until the Auction Sale, and, as required by the Sale Procedures Order, will provide a copy of the Terms and Conditions of Sale and the Bidding Procedures to each person who expresses an interest in the Property. The Trustee believes that the marketing efforts will be more than sufficient for the Property under the circumstances, and MYC is confident of a robust auction process.

7. The Auction Sale will take place on November 9, 2023 at the Property, or by Zoom or other comparable online platform, or at such later date and time as chosen by the Trustee. Marc Yaverbaum or Victor Moneypenny of MYC will conduct the auction. The initial bid at the auction will be $1,750,000, with successive bids in increments of $50,000 or such other amount as the auctioneer, in consultation with the Trustee, determines. At the conclusion of the auction, the auctioneer will announce the highest and second highest bidders. Each bidder is required to provide a 10% deposit.

## APPLICABLE AUTHORITY

**A. The Proposed Sale is Within the Trustee's Sound Business Judgment**

8. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course

of business, property of the estate …" 11 U.S.C. § 363(b)(1). In addition, section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

9. In determining whether to approve a proposed sale under section 363(b), courts require that the sale be based upon the sound business judgment of the debtor. *In re G.S. Distrib., Inc.*, 331 B.R. 552, 559 (Bankr. S.D.N.Y. 2005). *See also Licensing by Paolo v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir.1997) ("A sale of a substantial part of a Chapter 11 estate may be conducted if a good business reason exists to support it."); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir.1983); *In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir.1992) (holding that a judge determining a § 363(b) application must find from the evidence presented before him a good business reason to grant such application); *In re Enron Corp.,* 284 B.R. 376, 392 n. 15 (Bankr.S.D.N.Y.2002). "Although Section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, courts in … this Circuit have required that it be based upon the sound business judgment of the debtor." *In re RSL COM PrimeCall Inc.*, No. 01-11457 (ALG), 2002 Bankr. LEXIS 367 at *26-27 (Bankr. S.D.N.Y. Apr. 11, 2002). Once the Trustee articulates a sound business justification, there "'is a presumption that in making a business decision the [decision maker] acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Resources, Inc. (In re Integrated Resources, Inc.)*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993) (citation omitted).

10. The Trustee believes that the Auction Sale of the Property constitutes the prudent and proper exercise of his business judgment, and should be approved pursuant to section

5

363(b) of the Bankruptcy Code. The Trustee submits that proceeding with approval of the Auction Sale to the Successful Bidder or Second Highest Bidder, after the marketing efforts undertaken and to be undertaken, maximizes the value that the estate will receive for the Property.

11. Based on all of the foregoing, sound business reasons exist to justify the sale of the Property. Therefore, the Trustee submits that the proposed sale to the Successful Bidder, or the Second Highest Bidder if the Successful Bidder fails to close, on the Terms and Conditions of Sale pursuant to section 363(b) of the Bankruptcy Code, should be approved.

**B.** **Sale Pursuant to Section 363(f) is Appropriate**

12. The Property will be sold "as is" and "where is" pursuant to section 363(f) of the Bankruptcy Code, free and clear of all liens, claims and interests of entities other than the estate of whatever kind or nature, with such liens, claims, interests and encumbrances, if any, to attach to the proceeds of the auction sale in such order and priority as they existed immediately prior to the date of the auction sale, and subject to, among other things: (a) any state of facts that an accurate survey would show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; (e) environmental conditions; (f) any damage or destruction between the date of the auction sale and the date of the closing; and (g) all deed restrictions.

13. Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;

4886-7300-1578, v. 2

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

14. The Trustee submits that section 363(f) is satisfied in this case because, *inter alia*, any entity with a lien against the Property could be compelled to accept a money satisfaction of its interest. Moreover, the Debtor owns a 50% interest in the Property, and his wife Rochelle ("R. Acker") owns the other 50%. R. Acker has consented to the sale of her interest in the Property pursuant to section 363(h) of the Bankruptcy Code. *See* doc. 96. Accordingly, section 363(f)(2) is satisfied.

C. **The Successful Bidder(s) are Entitled to the Protections of Bankruptcy Code Section 363(m)**

15. Section 363(m) of the Bankruptcy Code provides certain protections to good faith purchasers. Section 363(m) provides, in relevant part:

> The reversal or modification on appeal of an authorization under subsection (b) … of this section of a sale … of property does not affect the validity of a sale … under such authorization to an entity that purchased … such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale … were stayed pending appeal.

11 U.S.C. §363(m). While the Bankruptcy Code does not define "good faith," it has been held that:

> [g]ood faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings … A purchaser's good faith is lost by 'fraud, collusion between the purchaser and other bidders or the trustee, or any attempt to take grossly unfair advantage of other bidders.'

*Licensing by Paola v. Sinatra (In re Gucci)*, 126 F.3d at 390 (citations omitted).

7

16. No facts exist here that would preclude the Successful Bidder or Second Highest Bidder from obtaining section 363(m) protections. The Trustee submits that the Successful Bidder and Second Highest Bidder will have participated in the Auction Sale in good faith, and without any collusion, and the sale will be the result of an arm's length transaction between the Trustee and the bidders. Accordingly, the Trustee requests that the Court make a finding that the Successful Bidder, or Second Highest Bidder if the Successful Bidder fails to close, is entitled to the protections of section 363(m) of the Bankruptcy Code.

**D.     Closing Expenses**

17. Finally, the Trustee seeks authority to closing expenses, if required or appropriate, from the proceeds at or subsequent to closing, including MYC's commission, the first mortgage and open real estate taxes. The Order authorizing MYC's retention [doc. 87] provides that "upon closing of the sale of a Property in accordance with an Order of the Court entered on notice, the Trustee is authorized to pay MYC a commission from the sale proceeds equal to six percent (6 %) of the gross sale price." The Trustee intends to pay MYC its commission at closing as provided in the retention Order and seeks authority to do so in this Motion.

18. The Trustee has given notice of the Auction Sale and this Motion as required by the Sale Procedures Order that approved notice provisions, and submits that notice is therefore good, sufficient and appropriate.

19. No prior request for the relief sought has been made.

**[concluded on next page]**

**WHEREFORE**, for the foregoing reasons, the Trustee requests that the Court (i) approve the Auction Sale, (ii) confirm the Successful Bidder and the Second Highest Bidder, and (iii) authorize the sale of the Property pursuant to sections 363(b) and (f) of the Bankruptcy Code, and enter the order in the form attached as <u>Exhibit 1</u>, together with such other and further relief as the Court considers appropriate under the circumstances.

Dated: New York, New York
September 27, 2023

R3M LAW, LLP
Attorneys for the Trustee
By:

/s/ Howard P. Magaliff
HOWARD P. MAGALIFF
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
*hmagaliff@r3mlaw.com*

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:                                              :         Chapter 7
                                                    :
MARK STEVEN ACKER,                                  :         Case No. 22-22359 (SHL)
                                                    :
                          Debtor.                   :
------------------------------------------------------------ x

**ORDER AUTHORIZING THE SALE OF THE
REAL PROPERTY LOCATED AT 47 TRANQUILITY ROAD,
SUFFERN, NEW YORK FREE AND CLEAR OF LIENS AND
INTERESTS PURSUANT TO §§ 363(b) AND (f) OF THE BANKRUPTCY CODE**

Upon the motion dated September 27, 2023 (the "Motion") of Howard P. Magaliff, the chapter 7 trustee (the "Trustee") of the estate of Mark Steven Acker (the "Debtor"), by his attorneys R3M Law, LLP, for an order pursuant to sections 363(b) and (f) of the Bankruptcy Code, title 11, United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 6004-1 authorizing him to sell the real property located at 47 Tranquility Road, Suffern, NY (the "Property") free and clear of liens and interests; and due and sufficient notice of the Motion having been given in accordance with this Court's Order (the "Sale Procedures Order") dated October __, 2023 [doc. __] (i) approving the terms and conditions (the "Terms and Conditions of Sale") and bidding procedures (the "Bidding Procedures") for the sale of the Property, (ii) scheduling a public auction sale (the "Auction Sale"), and (iii) scheduling a hearing to consider the Trustee's Motion; and being that a sale of the Property is in the best interests of the estate and its creditors, and parties in interest; and the Auction Sale having been conducted on November 9, 2023; and a hearing (the "Sale Hearing") having been held on November 14, 2023; and the Court having considered the arguments of all counsel and interested parties wishing to be heard who appeared at the Sale Hearing, and the Court having found and concluded that the sale of the Property is in the

best interests of the estate and its creditors, as well as other parties in interest and is supported by good business reason; and _____ having been named the Successful Bidder and _____ having named the Second Highest Bidder at the conclusion of the Auction Sale; and there being no objections to the Motion, and no adverse interest appearing, and good and sufficient cause existing for the relief requested, the Court hereby **FINDS** and **CONCLUDES** that:

  A. Notice of the Auction Sale and the Sale Hearing was good, adequate and sufficient, and all parties in interest were given the opportunity to object to the proposed sale and be heard.

  B. The Property was adequately marketed.

  C. The conduct of the Auction Sale was appropriate and there was no collusive bidding.

  D. _____, with a bid of $_____, is confirmed as the Successful Bidder with the highest and best offer for the Property.

  E. _____, with a bid of $_____, is confirmed as the Second Highest Bidder.

  F. Closing with either the Successful Bidder or the Second Highest Bidder provides fair and reasonable consideration to the estate.

  G. The Trustee has demonstrated sound and prudent business judgment in deciding to sell the Property and approving the Successful Bidder and the Second Highest Bidder. The proposed sale of the Property is in the best interests of the Debtors' estate and its creditors.

  H. Sale of the Property pursuant to section 363(f) of the Bankruptcy Code is appropriate, because the Trustee has satisfied one or more of the requirements of section 363(f) of the Bankruptcy Code.

I. The Auction Sale was fair and reasonable, and at arm's length and in good faith as that term is used at section 363(m) of the Bankruptcy Code. The Trustee, the Successful Bidder and the Second Highest Bidder have acted in good faith and the purchase of the Property by the Successful Bidder or the Second Highest Bidder is deemed to be in good faith.

J. Rochelle Acker, as the 50% joint owner of the Property with the Debtor, has consented to the sale of her interest pursuant to section 363(h) of the Bankruptcy Code, as evidenced by the stipulation "so ordered" on July 7, 2023 [doc. 96] (the "R. Acker Stipulation").

Based upon the foregoing findings of fact and conclusions of law, it is hereby **ORDERED** that:

1. The Motion is granted as set forth herein.

2. Pursuant to 11 U.S.C. §§ 363(b) and (f), the Trustee be, and he hereby is authorized to sell the Property to the Successful Bidder or, if the Successful Bidder fails to close, to the Second Highest Bidder, free and clear of all liens, claims and interests of entities other than the estate of whatever kind or nature, with such liens, claims, interests and encumbrances, if any, to attach to the proceeds of the Auction Sale in such order and priority as they existed immediately prior to the date of the Auction Sale.

3. The Successful Bidder, or the Second Highest Bidder if the Successful Bidder fails to close, is directed to close on the sale in accordance with the Terms and Conditions of Sale approved by the Sale Procedures Order, and such Terms and Conditions of Sale are hereby incorporated into and made a part of this Order.

4. Pursuant to 11 U.S.C. § 363(m), if any or all of the provisions of this Order are reversed, modified, vacated or stayed by subsequent order of this Court or any other court, such reversal, modification, vacatur or stay shall not affect the validity and the enforceability of any obligation, debt or claim incurred or granted or sale made pursuant to this Order, and notwithstanding

3

any stay, reversal, modification or vacatur of this Order, any sale or other obligation of the parties pursuant to this Order arising prior to the effective date of any such stay, reversal, modification or vacatur shall be governed in all respects by the original provisions of this Order.

5. All objections to the Motion and the sale of the Property, to the extent not withdrawn or resolved, are denied in all respects.

6. The Trustee is authorized to execute all documents and take all actions necessary to close on the sale of the Property in accordance with the Terms and Conditions of Sale and this Order.

7. The Trustee is authorized to pay all closing costs, fees, and expenses of the sale, including without limitation the broker commission and fees of MYC & Associates, Inc. ("MYC") as provided in the Order authorizing MYC's retention [doc 87], the first mortgage and open real estate taxes, and 50% of the net sale proceeds to Rochelle Acker pursuant to the R. Acker Stipulation.

8. This Court shall retain jurisdiction with respect to any dispute under this Order.

Dated: White Plains, New York
       November __, 2023

                                        Hon. Sean H. Lane
                                        United States Bankruptcy Judge

4886-7300-1578, v. 2