R3M LAW, LLP  
335 Madison Avenue, 9th Floor  
New York, NY 10017  
646.453.7851  
Howard P. Magaliff  

*Attorneys for Howard P. Magaliff, Trustee*

Presentment Date: 1/5/24 @ 12 noon  
Objection Deadline: 1/5/24 @ 11:30 AM

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------ x  
In re:                                           :         Chapter 7  
                                                 :  
MARK STEVEN ACKER,                               :         Case No. 22-22359 (SHL)  
                                                 :  
                    Debtor.                      :  
------------------------------------------------------------ x

# NOTICE OF PRESENTMENT OF APPLICATION FOR ORDER AUTHORIZING THE TRUSTEE TO RETAIN LEE MILICH P.A. AS SPECIAL COUNSEL

**PLEASE TAKE NOTICE**, that Howard P. Magaliff (the "Trustee), the chapter 7 trustee of the debtor Mark Steven Acker, will present for signature the proposed order (the "Proposed Order") attached as Exhibit 2 to the Trustee's application to retain Lee Milich P.A. as special counsel to Bankruptcy Judge Sean H. Lane in his Chambers at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601, on December 29, 2023 at 12:00 noon (ET).

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the relief requested in the application must be made in writing, state with particularity the grounds therefor, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, be filed electronically in text searchable portable document format (PDF) with the Court in accordance with General Order M-399 (General Order M-399 can be found at *www.nysb.uscourts.gov*, the official website for the Court), by registered users of the Court's case filing system and by all other parties in interest (with a hardcopy delivered directly to the Judge's Chambers), and be served by email upon: (i) counsel for the Trustee, Howard P. Magaliff at *hmagaliff@r3mlaw.com*, and (ii) counsel for the United States Trustee, Paul Schwartzberg, Esq. at *paul.schwartzber@usdoj.gov*, so as to be actually received by 11:30 a.m. (ET) on January 5, 2024.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held on a date to be determined by the Bankruptcy Court. Objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that if no objection is timely filed, the application may be granted and the Proposed Order entered without a hearing.

Dated: New York, New York  
December 26, 2023

R3M Law, LLP  
Attorneys for the Trustee  
By:

/s/ Howard P. Magaliff  
Howard P. Magaliff  
335 Madison Avenue, 9th Floor  
New York, NY 10017  
646.453.7851  
*hmagaliff@r3mlaw.com*

R3M Law, LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
Howard P. Magaliff

*Attorneys for Howard P. Magaliff, Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:                                      :      Chapter 7
                                            :
MARK STEVEN ACKER,                          :      Case No. 22-22359 (SHL)
                                            :
                    Debtor.                 :
------------------------------------------------------------ x

# APPLICATION FOR ORDER AUTHORIZING THE
# TRUSTEE TO RETAIN LEE MILICH P.A. AS SPECIAL COUNSEL

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Howard P. Magaliff, the chapter 7 trustee (the "Trustee") of the estate of Mark Steven Acker (the "Debtor"), by his attorneys R3M Law, LLP respectfully states:

1. The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on June 15, 2022 (the "Petition Date").

2. Pursuant to an order dated March 10, 2023, the Debtor's chapter 11 case was converted to a chapter 7.

3. This Application is submitted pursuant to sections 327(a) and (e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2014-1 for an order authorizing the Trustee to retain the law firm of Lee Milich P.A. ("Mr. Milich") as special counsel in connection with the administration of the case.

4. The Debtor is a party in a probate matter pending since 2008 in the Circuit Court of Palm Beach County, Florida entitled *In Re: The Estate of Stanley Acker*, Case No.

502008CP001929XXXXSBIX (the "Probate Case").  Stanley Acker was the Debtor's father. The Debtor and his siblings Karen and David Acker are beneficiaries under Stanley Acker's will, as well as various related trusts established by Stanley Acker and his recently deceased wife. Karen and David Acker have asserted claims against the Debtor in the chapter 7 case relating to distributions made or asserted offsets under the various trusts and testamentary distributions, as well as under a settlement agreement among the three siblings dated November 2010 and pursuant to a judgment issued by the Florida court and filed as a lien against real property owned by the Debtor and his wife in Rockland County.  There is currently ongoing litigation in the Florida Circuit Court, Probate Division (the "Probate Court"), *inter alia*, over claims by various attorneys representing the parties to the allowance of fees to be paid from the trust assets prior to distributions to the beneficiaries.  An evidentiary hearing in the Probate Court for attorney's fees payable to Karen's and David's attorneys is tentatively scheduled for January 11, 2024.  The Probate Court has advised that it wants a full day hearing on the matter on that date but has not yet issued a scheduling order.

      5.     The Trustee requires the services of counsel to represent him in place and stead of the Debtor in the Probate Case, and has selected Lee Milich, whose office is in Palm Beach County.  Among other things, Mr. Milich has advised the Trustee of his belief that a judgment of the Florida court (the "Florida Judgment"), for $960,000, is overstated by $300,000 because those fees had already been paid by the Debtor's portion of the estate.

      6.     The Florida Judgment awards Karen and David personally: (a) Tannenbaum Halpern legal fees of $362,500; (b) Proskauer Rose legal fees of $225,000 and $254,000; (c) Gutter Chavez legal fees of $58,000; and (d) fees against a marital trust of $60,000.  Although Karen and David Acker obtained the Florida Judgment individually as reimbursement to

2

4870-2936-6169, v. 2

them, they personally did not pay any of the legal fees, other than the $58,000 in fees paid to Gutter Chavez. These legal fees were paid by the estate to which the Debtor (and now the Trustee) is entitled to one-third.

7. This is one of the issues that Mr. Milich expects to raise with the Probate Court, in addition to the pending disputes over legal fees requested by Karen and David Acker yet to be allowed. It is estimated that over $6 million in attorneys' fees have already been awarded in the Probate Case. The Trustee must be represented because the Debtor is entitled to at least one-third of the assets still to be distributed, which are believed to be approximately $1.6 million.

8. The Trustee seeks to retain Mr. Milich to provide these services because he has over 50 years of litigation experience. Mr. Milich is qualified to act as the Trustee's special counsel, as more particularly set forth in the Declaration of Lee Milich, attached as <u>Exhibit 1</u>. To the best of the Trustee's knowledge and except as set forth below and as otherwise disclosed in the Declaration, (i) Mr. Milich does not hold or represent any interest adverse to the Trustee with respect to the matters for which he is being retained; (ii) Mr. Milich is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code; (iii) Mr. Milich does not have any connection with the Debtor, the estate, or creditors, except that as disclosed in the Declaration, Mr. Milich represented the Debtor for a period of 12 days until the Trustee learned of his involvement and advised Mr. Milich that he could not represent the Debtor ; and (iv) Mr. Milich's employment is necessary and in the best interests of the estate.

9. Mr. Milich will be employed under a general retainer at the hourly rate of $450, plus reimbursement of actual and necessary disbursements. Mr. Milich will send monthly invoices to the Trustee. Payment of compensation and reimbursement of expenses are subject to

approval of this Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and any orders of the Bankruptcy Court. Mr. Milich will not share any fees he earns other than as permitted by section 504 of the Bankruptcy Code.

10. Notice of this Application has been given to the Office of the United States Trustee and all creditors and persons who filed a notice of appearance.

11. No previous application has been made for the relief requested.

**WHEREFORE**, the Trustee respectfully requests that he be authorized to retain Lee Milich P.A. as his special in this case, and that the Court enter the proposed order in the form attached as <u>Exhibit 2</u>, together with such other and further relief as is appropriate.

Dated: New York, New York  
December 26, 2023

R3M LAW, LLP  
Attorneys for the Trustee  
By:

/s/ Howard P. Magaliff  
HOWARD P. MAGALIFF  
335 Madison Avenue, 9th Floor  
New York, NY 10017  
646.453.7851  
hmagaliff@r3mlaw.com

4870-2936-6169, v. 2

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                              :
                                                    :       Chapter 7
MARK STEVEN ACKER,                                  :       Case No. 22-22359 (SHL)
                                                    :
                            Debtor.                 :
---------------------------------------------------------------x

       I, Lee Milich, declare pursuant to 28 U.S.C. § 1746 that the following is true to the best of my knowledge, information and belief:

       1. I am an attorney at law practicing in Florida as Lee Milich P.A. located at 6884 Queenferry Circle, Boca Raton, Florida. I am a licensed attorney in good standing in the State of Florida. My office is located in Palm Beach County, Florida.

       2. This declaration is being submitted in support of the application of Howard P. Magaliff ("Trustee"), regarding the estate of Mark Steven Acker, Debtor ("Debtor").

       3. I have been asked to represent the Trustee as special counsel in a probate matter pending in the Circuit Court, Palm Beach County, Probate Division, and styled: In Re: The Estate of Stanley Acker, Case No. 502008CP001929XXXXSBIX (the "Case"). Stanley Acker was Mark Steven Acker's father. As indicated by the case number, the Case has been pending since 2008. Pursuant to the pleadings in the Case, Stanley Acker died on March 6, 2008.

       4. On November 10, 2023, I was retained by Mark Steven Acker to represent him individually, and not as a debtor, in the Case. I was not retained to represent him in any other matter.

5. On November 22, 2023, I spoke to the Trustee who advised me that he was already representing the Debtor's (Mark Steven Acker) interest in the Case and that I could not represent the Debtor (Mark Steven Acker).

6. In that conversation with the Trustee on November 22, 2023, the Trustee also advised me that I could not represent Mark Steven Acker individually in the Case but instead, he requested that I represent the Trustee as special counsel in the Case to which I agreed.

7. On November 22, 2023, my representation of Mark Steven Acker was terminated by mutual consent.

8. I do not represent Mark Steven Acker in any matter other than as described herein.

9. During the period from November 10, 2023 through November 22, 2023 (eight business days), I made no court appearances to argue or defend any matter and filed no pleadings in the Case. On November 16, 2023, I filed a Notice of Appearance on behalf of Mark Steven Acker, but, as previously stated, I was advised that the Trustee was representing the Debtor's (Mark Steven Acker) interest in the Case. The Trustee had appeared in the Case well before November 10, 2023.

10. I do not represent nor have I represented any interest adverse to that of the Trustee in the Case upon which I am to be engaged.

11. Because of the foregoing, I believe that the undersigned is a disinterested person. I know of no reason why the undersigned cannot act as special counsel to the Trustee in the Case.

12. The role of a lawyer is to faithfully adhere to the goals and instructions of his client. The Trustee has made clear to me what his goals are regarding the Case and that, prior to any proceedings in the Case, I am to consult with him regarding directions as to how to proceed. I intend to fully and faithfully adhere to said goals and instructions of the Trustee.

13. I will seek compensation for my legal services at a rate of $450 per hour.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Boca Raton, Florida
December 21, 2023

_____
Lee Milich, Esq.

**EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                          :        Chapter 7
                                                :
MARK STEVEN ACKER,                              :        Case No. 22-22359 (SHL)
                                                :
                    Debtor.                     :
------------------------------------------------------------x

**ORDER AUTHORIZING THE TRUSTEE TO
RETAIN LEE MILICH P.A. AS SPECIAL COUNSEL**

Upon the application (the "Application") dated December 26, 2023 of Howard P. Magaliff, the chapter 7 trustee (the "Trustee") of the estate of the above-named Debtor, for authority to retain the law firm of Lee Milich P.A. ("Mr. Milich") as his special counsel in connection with the administration of the case to represent him in the Florida Probate Case (as defined in the Application) pursuant to sections 327(a) and (e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2014-1; and upon the Declaration of Lee Milich submitted in compliance with the Local Rules of this Court; and it appearing that Mr. Milich is disinterested within the meaning of section 101(14) of the Bankruptcy Code and that Mr. Milich does not represent any interest adverse to the estate; and notice being adequate and sufficient; and the United States Trustee having no objection to the entry of this Order; and sufficient cause appearing, it is

**ORDERED** that the Application is granted as set forth herein; and it is further

**ORDERED** that, pursuant to 11 U.S.C §§ 327(a) and (e), the Trustee is authorized to retain the law firm of Lee Milich P.A. as his special counsel in this case; and it is further

**ORDERED** that the compensation and reimbursement of expenses of Mr. Milich shall be sought upon, and paid only upon an order granting, a proper application pursuant to sec-

tions 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules and fee and expense guidelines and orders of this Court; and it is further

**ORDERED** that Mr. Milich shall advise the Trustee, the Court and the United States Trustee in writing of any rate change during the course of this engagement; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED** that if there is any inconsistency among the terms of this Order, the Application, and the supporting Affidavit, the terms of this Order shall govern.

Dated: White Plains, New York
       January __, 2024

                                        Sean H. Lane
                                        United States Bankruptcy Judge

**NO OBJECTION:**
William K. Harrington
United States Trustee
By:

/s/ Paul Schwartzberg
Paul Schwartzberg, Trial Attorney
Dated: December 26, 2023