R3M LAW, LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
Howard P. Magaliff

*Attorneys for Howard P. Magaliff, Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------- x
In re:                                       :        Chapter 7
                                             :
MARK STEVEN ACKER,                           :        Case No. 22-22359 (SHL)
                                             :
                          Debtor.            :
------------------------------------------------------- x
```

**APPLICATION FOR ORDER AUTHORIZING EXAMINATIONS OF
IMA CONSTRUCTION CORP. AND MSA CONSULTING CORP.
AND SUBPOENA OF DOCUMENTS
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

TO THE HON. SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Howard P. Magaliff, the chapter 7 trustee (the "Trustee") of the estate of Mark

Steven Acker ("Acker" or the "Debtor"), by his attorneys R3M Law, LLP, respectfully submits

this application (the "Application") for an order pursuant to Rule 2004 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Trustee to examine and sub-

poena documents from IMA Construction Corp. ("IMA") and MSA Consulting Corp. ("MSA").

In support of this Application, the Trustee states:

1.      On June 15, 2022 (the "Petition Date"), the Debtor filed voluntary peti-

tions for relief under chapter 11 of the Bankruptcy Code.

2.      By Order dated March 10, 2023 [doc. 69] (the "Conversion Order"), the

Court converted the Debtor' chapter 11 case to a case under chapter 7 of the Bankruptcy Code.

The Trustee was appointed as the chapter 7 interim trustee of the Debtor, duly qualified, and pursuant to § 702(d) of the Bankruptcy Code is the trustee.

3.      The Debtor's spouse, Rochelle Acker, is the Chief Executive Officer of IMA, an entity for which, upon information and belief, the Debtor also served as Chief Executive Officer until July 2, 2020.  Additionally, Rochelle Acker is the Chief Executive Officer of MSA, an entity in which, according to the Debtor's original schedules, the Debtor has an interest and for which, upon information and belief, the Debtor served as an officer until October, 2019.   The Debtor admits to having previously owned IMA and at the 341(a) meeting was uncertain when he transferred his interest to Rochelle Acker.

4.      IMA sold a property in February 2021 sold a property for $503,500.00. IMA may have other valuable assets as well.  The proximity of the Debtor's removal from holding a position in IMA to a judgment in favor of the Debtor's siblings against the Debtor and the open question of whether the Debtor in fact transferred his interest in IMA to Rochelle Acker raise serious questions whether the Debtor retains a valuable interest in IMA.  MSA also may have significant value and proximity of the Debtor's removal from holding a position in MSA to a different judgment in favor of the Debtor's siblings against the Debtor also raises questions as to whether the Debtor retains a valuable interest in it.

5.      The Trustee requests entry of an order in the form attached as Exhibit 1 authorizing him to subpoena documents from the Siblings pursuant to Bankruptcy Rule 2004(a) and Federal Rule of Civil Procedure 45, made applicable by Bankruptcy Rules 2004(c) and 9016, and to examine the Siblings at depositions.

6.      Bankruptcy Rule 2004(a) provides that a court may order an examination of a person upon request of a party in interest.  The scope of the examination is intended to be broad and may include the acts, conduct, or property of a debtor or the financial condition of a

debtor as well as any matter that may affect the administration of a debtor's estate. *See* Bankruptcy Rule 2004(b).

7.      Bankruptcy Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citations omitted). In this regard, courts have recognized that Rule 2004 examinations are broad and unfettered and may be in the nature of "fishing expeditions." *Id.* Bankruptcy Rule 2004 is meant to provide broad power to investigate any matter that may affect the administration of the estate. *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996). *See also In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991) (the object of the examination of the debtor and other witnesses under Bankruptcy Rule 2004 is to show the condition of the estate, and to enable the court to discover its extent and whereabouts); In *re Sun Med. Mgmt., Inc.*, 104 B.R. 522, 524 (Bankr. M.D. Ga. 1989) (Bankruptcy Rule 2004 examinations are allowed to discover assets and unearth fraud). Here, the requested examinations and subpoenas are appropriate to enable the Trustee to fully investigate, among other things, the nature, extent and location of any other assets; potential claims to recover fraudulent or other avoidable transfers; and to determine the accuracy of financial and other information provided to the Trustee by the Debtor.

8.      Bankruptcy Rule 2004(c) provides that the attendance of a witness for examination and the production of documents may be compelled by subpoena. The Trustee requests that he be authorized to issue and serve subpoenas to compel compliance with any order granting this Application. The requested information will help the Trustee to identify property of the estate or prosecute claims in favor of the estate, and is within the expansive scope of Bankruptcy Rule 2004.

9.     The Trustee submits that no notice of this Application is necessary.

**WHEREFORE**, the Trustee requests the entry of the attached order, and such

other and further relief as is appropriate.

Dated: New York, New York          R3M LAW, LLP
      March 3, 2024                 Attorneys for the Trustee
                                   By:

                                   /s/ Howard P. Magaliff
                                   HOWARD P. MAGALIFF
                                   335 Madison Avenue, 9th Floor
                                   New York, NY 10017
                                   646.453.7851
                                   *hmagaliff@r3mlaw.com*

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                          :          Chapter 7
                                                :
MARK STEVEN ACKER,                              :          Case No. 22-22359 (SHL)
                                                :
                          Debtor.               :
------------------------------------------------------------- x

**ORDER AUTHORIZING EXAMINATION OF IMA CONSTRUCTION CORP.
AND MSA CONSULTING CORP., AND SUBPOENA OF DOCUMENTS
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

Upon the application dated April 17, 2023 (the "Application") of Howard P.

Magaliff, the chapter 7 trustee (the "Trustee") of the estate of Mark Steven Acker ("Acker" or

the "Debtor"), by his attorneys R3M Law, LLP, for an order pursuant to Rule 2004 of the Fed-

eral Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Trustee to examine

and subpoena documents from IMA Construction Corp. ("IMA") and MSA Consulting Corp.

("MSA", and, collectively, the "Entities"); and after due deliberation, the Court having deter-

mined that the Application has established sufficient cause for the relief granted herein; and no

notice being required, it is

**ORDERED** that the Application is granted; and it is further

**ORDERED** that the Trustee is authorized to cause subpoenas to be issued and

served in accordance with Fed. R. Civ. P. 45, and examine the Entities under oath, pursuant to

Bankruptcy Rule 2004(b), and compel attendance and the production of documents (including

electronically stored information) in their possession, custody or control in each case of or con-

cerning (a) the Debtor, (b) entities related to or affiliated with the Debtor, in accordance with

Bankruptcy Rules 2004(c) and 9016; and it is further

**ORDERED** that the examination shall take place remotely in person or by virtual platform (such as Zoom, Microsoft Teams or other comparable virtual provider) on or before seven days after the production of documents set forth in the next decretal paragraph; provided, that the parties may mutually agree on a different date for such examinations; and it is further

**ORDERED** that the documents identified in the foregoing subpoenas shall be delivered to the offices of counsel for the Trustee 21 days after the service the Entities of a copy of this Order and such subpoena; provided, that the parties may mutually agree on a different date and place for the document production; and it is further

**ORDERED** that service of the subpoena and a copy of this Order may be made by overnight courier or overnight mail; and it is further

**ORDERED** that the relief granted herein is subject to the assertion of any applicable privilege; provided, that if the production of a document is withheld based on privilege, the Siblings shall set forth such assertion in a proper privilege log, which shall be delivered at the time of the document production.

Dated:    White Plains, New York
           March __, 2024

 

                                                Hon. Sean H. Lane
                                              United States Bankruptcy Judge