Jonathan L. Flaxer, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
711 Third Avenue
New York, New York 10017
(212) 907-7300

*Counsel for Debtor Mark Steven Acker*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
: 
In re : Chapter 7
:
MARK STEVEN ACKER, : Case No. 22-22359 (SHL)
:
Debtor. :
:
---------------------------------------------------------------X

## MOTION OF GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP FOR AN ORDER PURSUANT TO LOCAL BANKRUPTCY RULE 2019-1 AUTHORIZING WITHDRAWAL AS COUNSEL FOR DEBTOR

Golenbock Eiseman Assor Bell & Peskoe LLP (the "**Firm**") hereby moves for entry of an Order authorizing the Firm to withdraw as counsel of record for the referenced debtor, Mark Acker (the "**Debtor**"), pursuant to section 105(a) of title 11, United Stated Code (as amended, the "**Bankruptcy Code**"), and Rule 2090-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Bankruptcy Rules**").

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105 of the Bankruptcy Code, Local Bankruptcy Rule 2090-1, and 22 NYCRR Part 1200 (Rule 1.16).

## GENERAL BACKGROUND

2. By Consent Order signed by this Court on June 8, 2023 (the "**Consent Order**"), the Firm substituted in for Kirby Aisner & Curley LLP as counsel to the Debtor. Footnote 1 to the Consent Order states that the Firm "is not substituting as counsel for the Debtor nor representing the Debtor in any pending adversary proceedings arising in or related to the captioned bankruptcy case." At the time of the Firm's retention it was contemplated that the Firm's role would primarily relate to assisting with Debtor's relations with the Trustee, included production of document and possible asset sales. The Firm's role has, however, become significantly expanded due to the interplay of the Debtor's bankruptcy case with complex, long-standing and very hotly contested legal proceedings in Florida relating to the Debtor's deceased father, including disputes with the Debtor's siblings.

## BASIS FOR THE RELIEF REQUESTED

3. Local Rule 2090-1 provides that "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown."

4. Under the applicable New York Rules of Professional Conduct, a lawyer may withdraw from representation if "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." *Id.*, Rule 1.16(c)(5).

5. As described in the declaration (annexed hereto as **Exhibit A**) of Jonathan L. Flaxer, a partner of the Firm, the Debtor is indebted to the Firm in the amount of $46,945.23 as of March 1, 2024, and has advised the Firm that he cannot pay the Firm's invoices. The Firm's engagement letter with the Debtor provided that "[i]f any invoice is not paid promptly, you understand that we may determine to no longer represent you, regardless of the status of the matter at such time."

6. The Debtor is currently a defendant in a pending adversary proceeding captioned *David Acker and Karen Acker v. Mark Steven Acker*, Adv. Pro. No. 22-7038. The Debtor has separate counsel for that proceeding and the Firm's withdrawal will have no effect on that proceeding. Otherwise, the Debtor is not currently a defendant in any other adversary proceeding nor the subject of any pending motion or contested matter. Given the Defendant's failure to pay the Firm's outstanding invoices, coupled with the increasing complexity of the matter and resulting incurrence of unanticipated substantial additional fees that will not likely be paid, the Firm submits that cause exists for the Firm to withdraw as counsel to the Defendant.[1]

### NOTICE

7. The Firm has provided notice of this Motion in accordance with Local Rule 2090-1, and submits that no further notice is required or needed under the circumstances.

8. No previous request for the relief sought herein has been made to this or any other court.

---

[1] Shortly after the execution of the engagement letter with the Debtor, a revised engagement letter was signed to add the Debtor's spouse, Rochelle Acker, to the engagement. The primary reason for this addition was to represent Ms. Acker in connection with the Trustee's sale of certain real property owned jointly be the Debtor and Ms. Acker (the "**Sale**"). The closing on the Sale occurred in January 2024. The only matter currently pending for Ms. Acker in this case is a motion by the Trustee to examine Ms. Acker and demand certain documents under Rule 2004 of the Federal Rules of Bankruptcy Procedure (Doc No. 121). The Trustee and Ms. Acker have agreed to extend the time for Ms. Acker to respond to the 2004 Motion by 30 days in exchange for the tolling of any potential causes of action that may be brought by the Trustee against Ms. Acker, which will give Ms. Acker suitable time to seek substitute counsel in this case if she so desires. The Firm is contemporaneously notifying Ms. Acker that the Firm is withdrawing as her counsel as well.

**WHEREFORE**, for the foregoing reasons, the Firm respectfully requests entry of an Order substantially in the form attached hereto as **Exhibit B**, granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
      April 8, 2024

GOLENBOCK EISEMAN ASSOR BELL
 & PESKOE LLP

By: /s/ Jonathan L. Flaxer
     Jonathan L. Flaxer, Esq.

711 Third Avenue
New York, New York 10017
(212) 907-7300

*Counsel for Debtor Mark Steven Acker*