**EXHIBIT A**

**Declaration of Jonathan L. Flaxer**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
In re                                                       :   Chapter 7
                                                            :
MARK STEVEN ACKER,                                          :   Case No. 22-22359 (SHL)
                                                            :
                    Debtor.                                 :
                                                            :
------------------------------------------------------------X

# **DECLARATION OF JONATHAN L. FLAXER**

JONATHAN L. FLAXER, pursuant to 28 U.S.C. §1746, hereby deposes and says:

  1. I am an attorney admitted to practice in the State of New York and before the United States District Courts for the Southern and Eastern Districts of New York. I am a member of the Firm of Golenbock Eiseman Assor Bell & Peskoe LLP (the "**Firm**"), which maintains its office for the practice of law at 711 Third Avenue, New York, New York 10017.

  2. I submit this declaration (the "**Declaration**") in support of the Firm's motion (the "**Motion**") for an order authorizing the Firm to withdraw as counsel of record Mark Steven Acker (the "**Debtor**"), debtor in the above-captioned case. All capitalized terms not defined herein shall have the same meanings ascribed to such terms in the Motion. I am familiar with the matters set forth herein.

  3. By Consent Order signed by this Court on June 8, 2023, the Firm substituted in for Kirby Aisner & Curley LLP as counsel to the Debtor. Footnote 1 to the consent order states that the Firm "is not substituting as counsel for the Debtor nor representing the Debtor in any pending adversary proceedings arising in or related to the captioned bankruptcy case." At the time of the Firm's retention it was contemplated that the Firm's role would primarily relate to assisting with Debtor's relations with the Trustee, included production of document and possible

asset sales. The Firm's role has, however, become significantly expanded due to the interplay of the Debtor's bankruptcy case with complex, long-standing and very hotly contested legal proceedings in Florida relating to the Debtor's deceased father, including disputes with the Debtor's siblings.

4. The Debtor is indebted to the Firm in the amount of $46,945.23 as of March 1, 2024, and has advised the Firm that he cannot pay the Firm's invoices. The Firm's engagement letter with the Debtor provided that "[i]f any invoice is not paid promptly, you understand that we may determine to no longer represent you, regardless of the status of the matter at such time."

5. The Debtor is currently a defendant in a pending adversary proceeding captioned *David Acker* and *Karen Acker v. Mark Steven Acker*, Adv. Pro. No. 22-7038. The Debtor has separate counsel for that proceeding and the Firm's withdrawal will have no effect on that proceeding. Otherwise, the Debtor is not currently a defendant in any other adversary proceeding nor the subject of any pending motion or contested matter. Given the Defendant's failure to pay the Firm's outstanding invoices, coupled with the increasing complexity of the matter and resulting incurrence of unanticipated substantial additional fees that will not likely be paid, the Firm submits that cause exists for the Firm to withdraw as counsel to the Defendant.[2]

6. Based on the foregoing, I respectfully submit that the Firm should be permitted to withdraw as counsel of record for the Debtor. The Firm is prepared to cooperate with, and provide information to, any subsequent counsel that may be retained by the Debtor.

---

[2] Shortly after the execution of the engagement letter with the Debtor, a revised engagement letter was signed to add the Debtor's spouse, Rochelle Acker, to the engagement. The primary reason for this addition was to represent Ms. Acker in connection with the Trustee's sale of certain real property owned jointly be the Debtor and Ms. Acker (the "**Sale**"). The closing on the Sale occurred in January 2024. The only matter currently pending for Ms. Acker in this case is a motion by the Trustee to examine Ms. Acker and demand certain documents under Rule 2004 of the Federal Rules of Bankruptcy Procedure (Doc No. 121). The Trustee and Ms. Acker have agreed to extend the time for Ms. Acker to respond to the 2004 Motion by 30 days in exchange for the tolling of any potential causes of action that may be brought by the Trustee against Ms. Acker, which will give Ms. Acker suitable time to seek substitute counsel in this case if she so desires. The Firm is contemporaneously notifying Ms. Acker that the Firm is withdrawing as her counsel as well.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
April 8, 2024

                                              /s/ Jonathan L. Flaxer
                                              Jonathan L. Flaxer