| | |
|---|---|
| SOLOMON APPEALS, MEDIATION & ARBITRATION<br>*Attorneys for Creditor, Solomon Appeals, Mediation & Arbitration*<br>901 So. Federal Hwy, Ste. 300<br>Ft. Lauderdale, FL. 33316<br>(561) 762-9932<br>Donna Greenspan Solomon, Esq.<br>Donna@SolomonAppeals.com | Hearing Date: Sept. 5, 2024<br>Hearing Time: 10:00 a.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

MARK STEVEN ACKER,

        Debtor.
-------------------------------------------------------------X

Chapter 11
Case No. 22-22359-SHL

## SOLOMON'S OBJECTION TO TRUSTEE'S MOTION FOR AN ORDER APPROVING THE TRANSFER OF CONTESTED FUNDS TO THE DEBTOR'S SUB-TRUST UNDER 11 U.S.C. §(c)(2)

**TO:**   **THE HONORABLE SEAN H. LANE,**
   **UNITED STATES BANKRUPTCY JUDGE:**

  Creditor, Solomon Appeals, Mediation & Arbitration, through its attorney, Donna Greenspan Solomon, of the law firm Solomon Appeals, Mediation & Arbitration (collectively, "Solomon"), hereby objects in part to Trustee's Motion for an Order Approving the Transfer of Contested Funds to the Debtor's Sub-Trust Under 11 U.S.C. § 541(c)(2) ("Motion to Transfer Funds") (ECF Doc. 136, 139) and states as follows:

The Trustee has received funds separately from (i) the Arlene Acker Marital Trust; and (ii) the Stanley Acker Revocable Trust. Notably, the Arlene Acker Marital Trust is subject to proceedings in New York, while the Stanley Acker Revocable Trust is subject to a proceeding in a Florida probate court; specifically, Case No. 502008CP001929, currently pending in Palm Beach County, Florida.

Upon inquiry from the undersigned, the Trustee has advised that his Motion to Transfer Funds pertains exclusively to funds received from the Arlene Acker Marital Trust that are due to the descendants' trust for the Debtor (the "Sub-Trust Fund"). To the extent that the Motion to Transfer Funds seeks to transfer funds solely from the Sub-Trust Fund related to the Arlene Acker Marital Trust, and *not* from funds received from the Stanley Acker Revocable Trust, the undersigned does not object to the Motion.

However, the Motion to Transfer Funds, on its face, conflates funds received from the Stanley Acker Revocable Trust with funds received from the Arlene Acker Marital Trust. Specifically, the Motion to Transfer Funds states as follows:

> 9. The Debtor asserts that the Sub-Trust [pertaining to the Arlene Acker Marital Trust] is a spendthrift trust and that the Sub-Trust Funds are not property of the bankrupt estate.
>
> 10. The Trustee agreed to hold the Sub-Trust Funds in escrow until such time as a determination could be made as to whether the estate had an interest in those funds. <u>Pursuant to an order of the Florida probate court dated April 19, 2024 the Sub-Trust Funds were transferred to the Trustee. A copy of the order is attached as Exhibit 2</u>.

Motion to Transfer Funds, p.3 (emphasis supplied).

The underlined portion above is not correct. The April 19, 2024 order of the Florida probate court, attached to the Trustee's Motion to Transfer Funds as "Exhibit 2," does not pertain in any way to the Arlene Acker Marital Trust or the Sub-Trust Funds. Rather, the April 19, 2024 order pertains *solely* to funds transferred from the Stanley Acker Revocable Trust to the Trustee pursuant to a motion of the Trustee's Florida attorney.

Notably, the funds transferred from the Stanley Acker Revocable Trust to the Trustee by order of the Florida probate court are subject to the undersigned's charging lien, as specifically recognized by the Florida probate court:

> 4. The Motion for Continued Recognition of Charging Lien is GRANTED. The Court recognizes the continued validity of Solomon's charging lien, which has attached to Mark Acker's share of the Estate/Trust that has been transferred to the Bankruptcy Trustee of the Debtor, Mark Acker.

*See* May 30, 2024 Order, filed herewith.

The Trustee has acknowledged to the undersigned that inclusion of the April 19, 2024 order of the Florida probate court in the Motion to Transfer Funds was an error. However, the Motion to Transfer Funds has not as yet been corrected to reflect that the Motion to Transfer Funds pertains solely to the funds received from the Arlene Acker Marital Trust, and not from the Stanley Acker Revocable Trust to which the undersigned's charging lien attached. Therefore, this objection is made as a matter of due caution.

WHEREFORE, the undersigned respectfully requests that any Order granting the Trustee's Motion to Transfer reflect that the funds to be transferred to the Debtor and Coral Gables Trust Company are solely funds received from the Arlene Acker Marital Trust, and *not* from the Stanley Acker Revocable Trust, to which the Solomon Appeals, Mediation & Arbitration's charging lien has attached.

Dated: August 7, 2024

SOLOMON APPEALS,
MEDIATION & ARBITRATION
/s/ Donna Greenspan Solomon
Donna Greenspan Solomon, Esq.
Donna@SolomonAppeals.com
SOLOMON APPEALS,
MEDIATION & ARBITRATION
901 So. Federal Hwy, Ste. 300
Ft. Lauderdale, FL 33316
Telephone: (561) 762-9932