R3M LAW, LLP
6 East 43rd Street, 21st Floor
New York, NY 10017
646.453.7851
Howard P. Magaliff

*Attorneys for Howard P. Magaliff, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| MARK STEVEN ACKER, | : | Case No. 22-22359 (SHL) |
| | : | |
| Debtor. | : | |

------------------------------------------------------------ x

### STIPULATION AND ORDER FOR ALLOWANCE AND PAYMENT OF SECURED CLAIM OF KAREN ACKER AND DAVID ACKER

This stipulation ("Stipulation") is entered into between Howard P. Magaliff, the chapter 7 trustee ("Trustee") of the bankruptcy estate of Mark Steven Acker ("Debtor"), and Karen Acker and David Acker (together, "Karen and David"), with respect to the following recitals:

### RECITALS

A. The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on June 15, 2022 ("Petition Date"). Pursuant to an Order dated March 10, 2023, the Debtor's chapter 11 case was converted to chapter 7. The Trustee was appointed as the interim trustee of the Debtor's estate and succeeded as the trustee pursuant to section 702(d) of the Bankruptcy Code following the first meeting of creditors.

B. On or about February 20, 2020, the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida entered a final judgment in favor of Karen and David against the Debtor in the amount of $960,000 ("Florida Judgment"), in the case of *In re The Estate of Stanley Acker, Deceased*, Case No. 502008CP001929XXXXSB.

C. The Florida Judgment was recorded on February 26, 2020 in Rockland County, New York in Liber 31252 Cp 1740 (hereafter the "NY Judgment"). The NY Judgment constitutes a perfected, enforceable and unavoidable lien on, *inter alia*, property owned by the Debtor and his non-debtor spouse, Rochelle Acker ("Rochelle"), as husband and wife at 47 Tranquility Road, Suffern, NY ("Property").

D. On October 3, 2022 Karen and David filed proof of claim # 9-1 in the Debtor's chapter 7 case in the amount of $2,610,000. Karen and David filed several amendments to the claim, most recently on October 29, 2024 as Claim No. 9-4 in the total amount of $2,739,765.20 ("D&K Claim"), of which $1,089,765.20 is asserted as secured pursuant to the NY Judgment.

E. The Trustee has neither allowed nor objected to the D&K Claim. The Trustee asserts that as a result of related proceedings in the Probate Court, the amount of the D&K Claim that is secured pursuant to the Florida Judgment is $660,000. Karen and David disagree with the Trustee's position.

F. On July 7, 2023, in contemplation of the sale of the Property, the Bankruptcy Court "so ordered" a stipulation between the Trustee and Rochelle consenting to the sale of the Property pursuant to section 363(h) of the Bankruptcy Code ("Rochelle Stipulation"). The Rochelle Stipulation provided that upon closing, "the Trustee shall pay to R. Acker 50% of the net sale proceeds after payment of ordinary expenses of sale, including the commission to MYC & Associates, Inc. as broker/auctioneer, in respect of her 50% interest in the Property.").

G. On November 17, 2023 the Bankruptcy Court entered an Order authorizing the Trustee to sell the Property free and clear of liens and interests pursuant to sections 363(b) and (f) of the Bankruptcy Code. [doc. 112].

4875-8690-5080, v. 3

H. Closing on the sale of the Property occurred on January 24, 2024. Pursuant to the Rochelle Stipulation, Rochelle was paid $410,126.90 from the proceeds.

I. The Trustee received and is currently holding on behalf of the Debtor's estate net proceeds from the sale of the Property in the amount of $554,497.74 (the "Estate Proceeds").

J. Karen and David assert that they are entitled to the full amount of the Estate Proceeds pursuant to the NY Judgment. Since the Estate Proceeds are less than $660,000, the amount that the Trustee believes is the allowable amount of the secured portion of the D&K Claim, the Trustee does not object to payment of Estate Proceeds to Karen and David in respect of the secured portion of the D&K Claim.

K. Pursuant to section 326(a) of the Bankruptcy Code, the Trustee is entitled to commissions on the 50% portion of the gross proceeds received from the sale of the Property that represent the Debtor's interest in the Property in the amount of $38,165.

L. The Trustee asserts that his attorneys are entitled to legal fees relating to the sale of the Property in the amount of $77,034 pursuant to section 506(c) of the Bankruptcy Code, which Karen and David contest.

M. The parties desire to resolve Karen & David's secured portion of the D&K Claim related to the Estate Proceeds and related matters. The parties agree that entering into this Stipulation is prudent and avoids the need for litigation at this time.

**THEREFORE**, in consideration of the foregoing premises, the parties Stipulate to the following:

# AGREEMENT

1. The foregoing recitals are incorporated into this Stipulation.

2. The secured portion of the D&K Claim attributable to the Estate Proceeds is reduced and allowed in the amount of $554,497.74 ("Allowed Secured D&K Claim"). The parties reserve all rights with respect to the remaining portion of the D&K Claim.

3. The Trustee shall be allowed a carve-out from the Estate Proceeds for statutory commissions in the amount of $38,165 ("Property Commissions") and $55,000 for the fees and expenses of his attorneys, R3M Law, LLP ("Property Legal Fees"; collectively, the "Carve-Out"). The Trustee will reserve the Carve-Out, which can only be paid upon further order of the Bankruptcy Court. The parties reserve their rights with respect to the balance of legal fees and expenses relating to the sale of the Property that are not subject to the Carve-Out.

4. The net amount available for payment of the Allowed D&K Secured Claim, after deducting the and reserving the Carve-Out, is $461,332.74 ("Secured Claim Distribution"). The Trustee will pay the Secured Claim Distribution to Karen and David within three business days after the Bankruptcy Court approves this Stipulation.

5. The Secured Claim Distribution will be credited against the D&K Claim.

6. Karen and David reserve their rights to seek payment from non-exempt assets of the Debtor or assets abandoned by the Trustee for any unpaid portion of the D&K Claim that is not discharged in the case or determined by a final order of the Bankruptcy Court to be non-dischargeable under section 523 of the Bankruptcy Code.

**[concluded on next page]**

7. The people signing this Stipulation have the authority to bind the Trustee, and Karen and David.

| | |
|---|---|
| R3M LAW, LLP<br>Attorneys for the Trustee<br>By: | DAVIDOFF HUTCHER & CITRON LLP<br>Attorneys for Karen Acker and David Acker<br>By: |
| /s/ Howard P. Magaliff<br>HOWARD P. MAGALIFF<br>6 East 43rd Street, 21st Floor<br>New York, NY 10017<br>646.453.7851<br>*hmagaliff@r3mlaw.com* | /s/ Jonathan S. Pasternak<br>JONATHAN S. PASTERNAK<br>120 Bloomingdale Road, Suite 100<br>White Plains, NY 10605<br>646.428.3124<br>*jsp@dhclegal.com* |
| Dated: New York, New York<br>November 15, 2024 | Dated: White Plains, New York<br>November 15, 2024 |

The foregoing Stipulation is "So Ordered"
on the 13th day of January, 2025

**/s/ Sean H. Lane**
Hon. Sean H. Lane
United States Bankruptcy Judge