R3M LAW, LLP
6 East 43rd Street, 21st Floor
New York, NY 10017
646.453.7851
Howard P. Magaliff

*Attorneys for Howard P. Magaliff,
Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                          :
                                                :   Chapter 7
MARK STEVEN ACKER,                              :   Case No. 22-22359 (SHL)
                                                :
                Debtor.            :
---------------------------------------------------------------x

## STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER

WHEREAS, Mark Steven Acker (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on June 15, 2022 ("Petition Date"). Pursuant to an Order dated March 10, 2023, the Debtor's chapter 11 case was converted to chapter 7. Howard P. Magaliff (the "Trustee") was appointed as the interim trustee of the Debtor's estate and succeeded as the trustee pursuant to section 702(d) of the Bankruptcy Code following the first meeting of creditors;

WHEREAS, Karen Acker ("Karen") and David Acker ("David") are creditors of the Debtor;

WHEREAS, the Debtor and his non-debtor spouse Rochelle Acker ("Rochelle") have provided the Trustee with copies of their personal tax returns and bank statements;

WHEREAS, the Trustee will be deposing the Debtor and Rochelle pursuant to Bankruptcy Rule 2004 (the "Rule 2004 Depositions"), which Karen, David and their counsel plan to attend;

WHEREAS, Karen and David have requested that the Trustee produce copies of the personal tax returns and bank statements received prior to the Rule 2004 Depositions;

WHEREAS, pursuant to the Handbook for Chapter 7 Trustees, a chapter 7 trustee shall not provide copies of a debtor's tax returns to a creditor or any other party in interest, except pursuant to, *inter alia*, a court order and has a duty to protect, *inter alia*, certain non-public, confidential, personally identifiable information (as defined in 11 U.S.C. § 101(41A)); and

WHEREAS, the Trustee, Karen, David, the Debtor, Rochelle and their respective counsel agree to the following for the purpose of discovery related to personal tax returns, bank statements and personally identifiable information.

IT IS HEREBY AGREED by and between the undersigned counsel to the parties that:

1. The Trustee may designate and produce to Karen, David and their counsel copies of personal tax returns and bank statements, with appropriate redactions of personally identifiable information, marking any such documents "CONFIDENTIAL" (hereinafter, the "<u>Designated Material</u>"). Designated Material shall not include (i) any documents or information already in Karen's and David's possession, or (ii) tax returns of any corporation or entity in which the Debtor or Rochelle have or had an interest, *provided that* personally identifiable information shall be redacted from those documents.

2. Designated Material and any summary, description, analysis or report containing, summarizing, describing or otherwise communicating Designated Material shall not be used or disclosed for any purpose other than in connection with this chapter 7 case and any related litigation and may be used only for purposes of the Rule 2004 Depositions.

3. Prior to disclosing or displaying any Designated Material to any attorney or employee of the law firm of Karen's and David's counsel, counsel shall inform the person of

4937-3658-4492, v. 4

the confidential nature of the Designated Material, and inform the person that he/she is enjoined from the use of the Designated Material for any purpose other than the Rule 2004 Depositions and from disclosure of the Designated Material to any other person or entity.

4. A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to only those persons permitted such access under this Confidentiality Agreement.

5. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information provided that the material is designated pursuant to the procedures set forth herein at some later point. If so designated, the document or information shall thereafter be treated as Designated Material subject to all the terms of this Confidentiality Agreement.

6. If there is a challenge to any "CONFIDENTIAL" designation, Karen and David shall make a good faith effort to resolve the dispute with the Trustee. In the absence of a resolution, Karen and David may seek resolution by the Court on at least 14 days' notice to the Trustee. Karen and David shall bear the burden of demonstrating that good cause exists for the removal of any "CONFIDENTIAL" designation.

**[remainder of page intentionally left blank]**

4937-3658-4492, v. 4

7. At the conclusion of the Rule 2004 Depositions, the Designated Material and any copies thereof shall be promptly returned to the Trustee or certified as destroyed, except that Karen's and David's counsel shall be permitted to retain his working files on the condition that those files will remain confidential.

| | |
|---|---|
| Dated: White Plains, New York<br>May 5, 2025 | DAVIDOFF HUTCHER & CITRON LLP<br>Counsel for Karen Acker and David Acker<br>By:<br><br>/s/ Jonathan S. Pasternack<br>JONATHAN S. PASTERNAK<br>120 Bloomingdale Road, Suite 100<br>White Plains, NY 10605<br>646.428.3124<br>*jsp@dhclegal.com* |
| Dated: Boca Raton, Florida<br>April 30, 2025 | CBR LAW GROUP<br>Counsel for Mark and Rochelle Acker<br><br>/s/ Donald Thomas<br>DONALD THOMAS<br>55 NE 5th Ave, Suite 503<br>Boca Raton, FL 33432<br>561.609.1515<br>*donald@cbrlawgroup.com* |
| Dated: New York, New York<br>May 9, 2025 | R3M LAW LLP<br>Counsel for the Trustee<br>By:<br><br>/s/ Howard P. Magaliff<br>HOWARD P. MAGALIFF<br>6 East 43rd Street, 21st Floor<br>New York, NY 10017<br>646.453.7851<br>*hmagaliff@r3mlaw.com* |

**[signatures continue on next page]**

Dated: Boynton Beach, Florida
      April 30, 2025

/s/ Mark Steven Acker
MARK STEVEN ACKER

Dated: Boynton Beach, Florida
      April 30, 2025

/s/ Rochelle Acker
ROCHELLE ACKER

Dated: _____
      May 5, 2025

/s/ Karen Acker
KAREN ACKER

Dated: _____
      May 5, 2025

/s/ David Acker
DAVID ACKER

So Ordered on May 14, 2025

***/s/ Sean H. Lane***
United States Bankruptcy Judge

R3M LAW, LLP
6 East 43rd Street, 21st Floor
New York, NY 10017
646.453.7851
Howard P. Magaliff

*Attorneys for Howard P. Magaliff,*
*Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                              :
                                                    :     Chapter 7
MARK STEVEN ACKER,                                  :     Case No. 22-22359 (SHL)
                                                    :
                    Debtor.                         :
-------------------------------------------------------------x

# STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER

WHEREAS, Mark Steven Acker (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on June 15, 2022 ("Petition Date"). Pursuant to an Order dated March 10, 2023, the Debtor's chapter 11 case was converted to chapter 7. Howard P. Magaliff (the "Trustee") was appointed as the interim trustee of the Debtor's estate and succeeded as the trustee pursuant to section 702(d) of the Bankruptcy Code following the first meeting of creditors;

WHEREAS, Karen Acker ("Karen") and David Acker ("David") are creditors of the Debtor;

WHEREAS, the Debtor and his non-debtor spouse Rochelle Acker ("Rochelle") have provided the Trustee with copies of their personal tax returns and bank statements;

WHEREAS, the Trustee will be deposing the Debtor and Rochelle pursuant to Bankruptcy Rule 2004 (the "Rule 2004 Depositions"), which Karen, David and their counsel plan to attend;

WHEREAS, Karen and David have requested that the Trustee produce copies of the personal tax returns and bank statements received prior to the Rule 2004 Depositions;

WHEREAS, pursuant to the Handbook for Chapter 7 Trustees, a chapter 7 trustee shall not provide copies of a debtor's tax returns to a creditor or any other party in interest, except pursuant to, *inter alia*, a court order and has a duty to protect, *inter alia*, certain non-public, confidential, personally identifiable information (as defined in 11 U.S.C. § 101(41A)); and

WHEREAS, the Trustee, Karen, David, the Debtor, Rochelle and their respective counsel agree to the following for the purpose of discovery related to personal tax returns, bank statements and personally identifiable information.

IT IS HEREBY AGREED by and between the undersigned counsel to the parties that:

1. The Trustee may designate and produce to Karen, David and their counsel copies of personal tax returns and bank statements, with appropriate redactions of personally identifiable information, marking any such documents "CONFIDENTIAL" (hereinafter, the "<u>Designated Material</u>").  Designated Material shall not include (i) any documents or information already in Karen's and David's possession, or (ii) tax returns of any corporation or entity in which the Debtor or Rochelle have or had an interest, *provided that* personally identifiable information shall be redacted from those documents.

2. Designated Material and any summary, description, analysis or report containing, summarizing, describing or otherwise communicating Designated Material shall not be used or disclosed for any purpose other than in connection with this chapter 7 case and any related litigation and may be used only for purposes of the Rule 2004 Depositions.

3. Prior to disclosing or displaying any Designated Material to any attorney or employee of the law firm of Karen's and David's counsel, counsel shall inform the person of

2

4937-3658-4492, v. 5

the confidential nature of the Designated Material, and inform the person that he/she is enjoined from the use of the Designated Material for any purpose other than the Rule 2004 Depositions and from disclosure of the Designated Material to any other person or entity.

4. A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to only those persons permitted such access under this Confidentiality Agreement.

5. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information provided that the material is designated pursuant to the procedures set forth herein at some later point. If so designated, the document or information shall thereafter be treated as Designated Material subject to all the terms of this Confidentiality Agreement.

6. If there is a challenge to any "CONFIDENTIAL" designation, Karen and David shall make a good faith effort to resolve the dispute with the Trustee. In the absence of a resolution, Karen and David may seek resolution by the Court on at least 14 days' notice to the Trustee. Karen and David shall bear the burden of demonstrating that good cause exists for the removal of any "CONFIDENTIAL" designation.

[remainder of page intentionally left blank]

7.	At the conclusion of the Rule 2004 Depositions, the Designated Material and any copies thereof shall be promptly returned to the Trustee or certified as destroyed, except that Karen's and David's counsel shall be permitted to retain his working files on the condition that those files will remain confidential.

| | |
|---|---|
| Dated: White Plains, New York<br>May 5, 2025 | DAVIDOFF HUTCHER & CITRON LLP<br>Counsel for Karen Acker and David Acker<br>By:<br><br>/s/ Jonathan S. Pasternak<br><br>JONATHAN S. PASTERNAK<br>120 Bloomingdale Road, Suite 100<br>White Plains, NY 10605<br>646.428.3124<br>*jsp@dhclegal.com* |
| Dated: Boca Raton, Florida<br>April 30, 2025 | CBR LAW GROUP<br>Counsel for Mark and Rochelle Acker<br><br>DONALD THOMAS<br>55 NE 5th Ave, Suite 503<br>Boca Raton, FL 33432<br>561.609.1515<br>*donald@cbrlawgroup.com* |
| Dated: New York, New York<br>May 9, 2025 | R3M LAW LLP<br>Counsel for the Trustee<br>By:<br><br>HOWARD P. MAGALIFF<br>6 East 43rd Street, 21st Floor<br>New York, NY 10017<br>646.453.7851<br>*hmagaliff@r3mlaw.com* |

**[signatures continue on next page]**

Dated: Boynton Beach, Florida
   April 30, 2025

*Signed by: Mark Acker*
B4EF4AEBAFED47E...

MARK STEVEN ACKER

Dated: Boynton Beach, Florida
   4/30/2025

ROCHELLE ACKER   *Signed by:*
1B7B9D7DF5E74BE...

Dated: _____
  May  5 , 2025

/s/ Karen Acker

KAREN ACKER

Dated: _____
  May  5 , 2025

/s/ David Acker

DAVID ACKER

So Ordered on May \_\_, 2025

_____
Hon. Sean H. Lane
United States Bankruptcy Judge

5

4937-3658-4492, v. 5